## JOHN SWASEY v. JOSHUA BROOKS.

*Covenants for title.    Water-course.    Flowing land.*

A deed, executed in 1827, of certain land, described simply as lot No. 19, in a certain town, contained the following *habendum*: "to have and to hold the above granted and bargained premises, with the *appurtenances thereof*," and a covenant "to warrant and defend the above granted and bargained premises." In an action for a breach of this covenant, the plaintiff, who claimed title to said lot through the grantee, claimed to recover of the defendant, the grantor, upon the ground that one C., owning land above lot No. 19, had recovered damages of the plaintiff for flowing his land by reason of a mill dam upon lot No. 19, which the evidence showed was upon that lot at the date of the deed, and had remained of a uniform height from that time until these damages had been recovered of the plaintiff. *Held,* that if anything besides the lot itself passed by the deed, it only conveyed such appurtenances as existed at the time of its execution, and, that it created no new appurtenances.

*Held,* also, that the defendant's deed did not by force of the description of the subject matter of the grant, *ex vi termini,* carry with it any appurtenances; but that if any passed with the land, they must be ascertained *aliunde* the deed.

*Held,* also, that the fact that the dam existed on the lot at the date of the deed, and was of uniform height from this time until the damages for flowing C.'s land were recovered of the plaintiff, did not entitle the plaintiff to recover, because, notwithstanding such might be the fact, *non sequitur,* that at the time of the execution of the deed, the dam caused C.'s land to be flowed.

The covenants of seizin and against encumbrances, if broken at all, are broken upon the execution of the deed containing them; and therefore do not run with the land to a subsequent grantee.

This was an action of covenant broken. The defendant pleaded, first, *non est factum*; second, the statute of limitations; third, that he had not broken the covenants mentioned in the declaration; and fourth, that he had kept and performed the same. The plaintiff joined issue upon all these pleas, and the case was tried by jury, at the June Term, 1855,—UNDERWOOD, J., presiding.

The facts in the case sufficiently appear in the opinion of the court.

The defendant requested the court to order a verdict for the defendant, which they refused to do, but submitted the case to the jury, who returned a verdict for the plaintiff.

To this refusal to comply with the defendant's request, and to the exclusion by the court below of certain testimony offered by the defendant, which is described in the opinion of the court, the defendant excepted.

*T. P. Redfield* and —— *Kimball*, for the defendant.

*G. C. & G. W. Cahoon* and *Peck & Colby*, for the plaintiff.

The opinion of the court was delivered by

BENNETT, J.  This is an action of covenant broken, founded upon the covenants in the deed from the defendant, Joshua Brooks, to Joseph Swasey, of lot No. 19, of the first division, drawn to the right of Benjamin Ingraham, situate in the township now called Charleston, and bearing date the 12th of January, 1827.  The plaintiff claims the right to sue on the covenants in the defendant's deed, as the assignee of the defendant's grantee, Joseph Swasey, through several mesne conveyances down to himself.

The plaintiff, in his declaration, counts upon the covenants of seizin, against encumbrances, and of warranty.  It is clear there can be no recovery on either of the two first mentioned covenants. If there has been a breach of either of these covenants, it was upon the execution of the defendant's deed, and so the right of action having then accrued, it would not be *assignable*, and run with the land to a subsequent grantee.

Besides, the right of action would be barred by the statute of limitation, which is one of the pleas relied upon.  The plaintiff's claim to damages, if he has any, must rest upon the covenant of warranty; and the inquiry is, does the case show such a state of facts as will entitle the plaintiff to a recovery on that part of the case?  The *subject matter* of the grant in the deed of the defendant to Joseph Swasey and his heirs and assigns, is thus designated: " lot No. 19, of the first division, to the right of Benjamin Ingraham, in the township, etc."

The habendum is " to have and hold the above granted and bargained *premises, with the appurtenances thereof,* unto him, the said Joseph Swasey, his heirs, etc."  The covenant of warranty is, " to warrant and defend the *above granted and bargained premises.*"

The plaintiff, as a ground of recovery, relied upon two judgments rendered against him by one Stephen C. Cole, who owned land above and contiguous to said lot No. 19, for flowing and damaging his lands above said lot No. 19, by reason of a dam on lot 19, accompanied with evidence that he had paid said judgments, and had incurred great costs in defending the suits, and that as early as 1820, or 1821, one Varnum built said dam on Clyde River, on lot 19, and built a saw mill, and that the same was in operation at the time the defendant executed his deed to Joseph Swasey, on the 12th day of January, 1827, and that said dam has remained at a uniform height ever after, until said Cole's suits were ended, and that since that time he has been compelled by reason thereof, to lower the dam to the injury of his water privilege.

The two suits against the plaintiff, were commenced by Cole, one in 1847, and one in 1851, and the defendant in this action was cited so to defend them, but did not appear.

The exceptions state that it appeared that Cole entered upon the land above No. 19, upon which it is claimed the injury was done, by the setting back of the water in the summer of 1827, and cut down a lot of trees, and has occupied said land ever-since, and that the land was then undivided land in the town, but in the spring of 1828, the land was made into the third division, and run out into lots of ten and three quarter acres each. There is nothing in the case to show that Cole ever had any paper title to the land above lot No. 19, and much less that he ever claimed title to it under Joshua Brooks, and it should be remarked that his acts of possession commenced on the land subsequent to the execution of the deed of Joshua Brooks, which contains the covenants upon which this action is founded. It should be further remarked, that though the dam on lot No. 19, was erected by one Varnum, in 1820, or 1821, and also the saw mill, and that the same was in operation at the time the defendant deeded to Joseph Swasey, the 12th of January, 1827, yet, there is nothing in the case to show that either Varnum or any one under him, or the defendant, ever, in point of fact, caused the water to flow back from lot No. 19, upon the land above, or that they had, or claimed to have any right to have it so flow back, when the defendant deeded lot No. 19 to Joseph Swasey. Though the bill of exceptions finds that the dam remained at a uniform

height, from the time of the execution of the defendant's deed until
after the determination of the Cole suits, yet, it is a *non sequitur*
that the defendant ever, by means of the dam, caused the water to
flow back upon the land above lot 19, or claimed a right to have it
so flow back.

The water might have been let off, so that the dam did not fill.
Besides, the case shows that the defendant offered to prove that in
the summer of 1828, Dudley Swasey, 'who took the title from
Joseph Swasey, erected a carding machine on lot No. 19, and tight-
ened up the dam, and that previous to that time, the water so poured
through the sluices of the dam, as not to flow back upon the land
above.   Though the court below excluded the evidence, yet, upon
this bill of exceptions, we are to take it the same as if the offer
had been proved.

The question then returns, does the deed from Joshua Brooks to
Joseph Swasey convey, or attempt to convey to the grantee a right
to flow the water back from lot No. 19, upon the land above?   It
has been already remarked that the grant is simply of *lot No. 19*,
giving the division and right to which it belonged, and though it
should be admitted (about which much can be said), that the grant
of lot No. 19 carried with it everything belonging to it, as an inci-
dent or appurtenant to it, yet, only such appurtenances would pass,
as existed at the time of the grant, but the grant could not create
a new one.   See *Hazzard* v. *Robinson,* 3 Mason 292 ; *Kenyon* v.
*Nichols*, 1 Rhode Island 411.   This principle is too reasonable and
well established to need a multiplication of authority.

This grant being of *lot No.* 19, does not, by force of the des-
cription of the subject matter of the grant, *ex vi termini*, as in the
case of a grant of a *mill site*, carry with it any appurtances ; but
the appurtenances, if any, which pass with the land, must be
ascertained *aliunde* the deed.   In the present case, the appurtenance
or incident, which the plaintiff claimed passed under the deed, was
an *easement* in the lands above No. 19, that is a right to flow the
water, by means of the dam, back upon the land above that lot.
It was of no account to the owner of the lot above No. 19 how
high the dam was on lot No. 19, if it was so constructed or so
managed that the water was not thereby caused to set back upon
him.   The height of the dam, in itself considered, did no injury to

the land above; and in and of itself considered, it could not create even an inchoate right in the owner of lot No. 19 to have the water flowed back upon the land above; and there is nothing in the plaintiff's side of the case, to show that the water was ever set back upon the lot above No. 19, until after the execution of the defendant's deed; and the defendant offered to prove, negatively, that it never was.  There is, then, nothing in the case upon the face of the deed, or *aliunde* the deed, going to show that the defendant exercised or claimed the right to flow the water back upon the land above lot No. 19; or that such a right was ever claimed by Varnum, who erected the dam, or by his grantees.  We think, then, there is no ground for the plaintiff to claim upon this bill of exceptions, that the covenants in the defendant's deed should be so construed as to give a right to his grantee to flow the water back upon the land above lot No. 19, as a right *incident* to that lot.  The words of the covenant are, " to warrant and defend the above granted and bargained premises."  To ascertain the extent of the covenant, we have, of course, only to ascertain the extent of the *subject matter* of the grant.  If the case had shown that the defendant was in the enjoyment or exercise of the right of flowing the water back from lot No. 19, upon the land above when he made his deed, it might have led, perhaps, to the enquiry how long that right had been claimed or exercised.

We have no occasion to enquire, what should be the effect of the fact, that the possessory title of Cole to the land above lot No. 19 had its inception, subsequent to the execution of the defendant's deed to Joseph Brooks.  Several other questions were made at the hearing, which we do not deem it important to consider.

The judgment of the county court is reversed, and the cause remanded.