JAMES G. CHAPMAN, PLAINTIFF IN ERROR, V. RICHARD KIMBALL, DEFENDANT IN ERROR.

1. **Conveyance**: COVENANTS: INCUMBRANCE. An incumbrance, within the meaning of the covenant against them, is said to be every right to, or interest in, the land, to the diminution in value of the estate, but consistent with the passage of the fee.

2. ——: ——: ——. Where a covenant is broken at the time of the conveyance, it does not run with the land. The obligation is merely personal, and is limited to the parties to the covenant, and confers no right of action on subsequent purchasers of the estate.

3. ——: ——: ——: STATUTE OF LIMITATIONS. A covenant against incumbrances is a present engagement that the grantor has an unencumbered title, and is not in the nature of a covenant of indemnity. The statute of limitations, therefore, commences to run at once, if an incumbrance existed at the time of the conveyance.

4. **The Statute of Limitations** is a wise and beneficial law, and does not raise a presumption of payment, but is intended to be a statute of repose.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

The opinion states the case.

*John D. Howe* and *John Carrigan*, for plaintiff in error.

The covenant against incumbrances is a personal one and is broken as soon as made. 3 Wash. on Real Prop., 390, 421. "If there be an incumbrance, the covenant, being *in præsenti*, is broken as soon as made." Id. 391. *Cathcart v. Bowman*, 5 Penn. State, 317. *Clark v. Swift*, 3 Met., 392. *Prescott v. Trueman*, 4 Mass., 627. *Thayer v. Clemence*, 22 Pick., 490. *Wyman v. Ballard*, 12 Mass., 304. *Tufts v. Adams*, 8 Pick., 547. Rawle

on Covenants, 111, 114.  *Pillsbury v. Mitchell*, 5 Wis., 17.  *Eaton v. Lyman*, 30 Wis., 41.  *Funk v. Cresswell*, 5 Iowa, 62.  *Andrews v. Davison*, 17 New Hamp., 416.  *Long v. Moler*, 5 Ohio State, 272.  *Fletcher v. Button*, 4 N. Y., 396.

The covenant of warranty relates *solely to the title*, as it was at the time the conveyance was made  *   * and merely binds the grantor to protect the grantee against a lawful and better *title* existing before or at the date of the grant.  *Wade v. Comstock*, 11 Ohio St., 71.  *Mills v. Rice*, 3 Neb., 76, and citations of counsel. *Nesbitt v. Campbell*, 5 Neb., 429.  Hence that covenant cannot aid him.  Where there is a special covenant against incumbrances, and a general covenant of warranty, an incumbrance excepted out of the former is not within the latter.  *Chew's Appeal*, 45 Pa. St., 229. *Bricker v. Bricker*, 11 Ohio St., 247.  The law in this country as to the covenant against existing incumbrances not running with the land, may be considered settled. *Whitmore v. Dinsmore*, 6 Cush., 124.  *Porter v. Noyes*, 2 Maine, 22.  *Townsend v. Weld*, 8 Mass., 146.  *Harlow v. Thomas*, 15 Pick., 68,  1 Greenl. Ev., sec. 281. 2 Stark. Ev., 549.  *Dunn v. White*, 1 Ala., 945.  *Bean v. Mayo*, 5 Maine, 94.  *Hubbard v. Norton*, 10 Cow., 431.

*Charles H. Brown* and *John M. Thurston*, for defendant in error.

There is a considerable question under the authorities whether or not covenant against incumbrance runs with the land, and as to whether it is broken as soon as made. To this point are all of the authorities cited by counsel for plaintiff in error.  Be this so or not, the action upon such technical breach is only for nominal damages, a

barren, fruitless, abortive action, or unfruitful bearing,— but Dead Sea apples. If the covenant is broken when made, it is true a party may sue upon the breach, but he cannot recover the *actual damages*, consisting of the amount of the incumbrance, until he has been compelled to pay it off to protect his land against its foreclosure. And carrying out this theory, it has been held that a party has two causes of action—one on technical breach of covenant, for nominal damages; the other upon *substantial* breach, when compelled to pay off the incumbrance, for real substantial damages. And an action for first is not a bar to one for second. The party's cause of action for substantial damages certainly does not arise until he has paid off the incumbrance, until he has suffered the injury, and the statute does not and cannot begin to run until that time. 2 Hillard on Prop., chapter LXXXVII, sec. 57. *Donnel v. Thompson*, 10 Maine, 160. *Sprague v. Baker*, 17 Mass., 586. *Frink v. Bellis*, 33 Ind., 135. *Eaton v. Lyman*, 30 Wis., 41. *Meclem v. Blake*, 22 Wis., 495. *Dickson v. Desire's Adm'r.*, 23 Mo., 193. We submit, then, that the authorities cited by plaintiff in error to the effect that the covenant does not run with the land, and that there is a technical breach of it as soon as it is made, do not affect the question of the running of the statute of limitation; that a cause of action for substantial damages arises when the incumbrance is paid off by the grantee and not before, and only then does the statute commence to run.

MAXWELL, CH. J.

On the nineteenth day of October, 1862, the plaintiff in error sold and conveyed to the defendant in error, the south-east quarter of the south-west quarter, and the south-west quarter of the south-east quarter, and the north-east quarter of the south-west quarter, and the south-east quarter of the north-west quarter of section

28

twenty-two, in township thirteen north, of range thirteen east of the sixth principal meridian, for the sum of $1350.00, which sum was paid at the time of the execution of the deed.

The deed contains the following covenants: "And I do hereby covenant with the said Richard Kimball, that I am lawfully seized of said premises, that they are free from incumbrance, that I have good right and lawful authority to sell and convey the same; and I do hereby covenant to warrant and defend the said premises against the lawful claims of all persons whomsoever."

The defendant in error took possession of said premises immediately after execution of the deed, and retained possession of the same until the sixth day of July, 1869, when he sold and conveyed the same to Catherine Miller, and in the deed conveying said premises, covenanted that they were free from incumbrances.

In November, 1872, Catherine Miller paid the taxes due on said premises for the years 1859 and 1860, amounting in the aggregate to the sum of $103.23, and in July, 1874, she brought suit for said taxes against the defendant in error in the district court of Douglas county, and recovered the amount of said claim, which the defendant has since paid.

It also appears that the defendant in error notified the plaintiff in error verbally, of the pendency of the suit. Afterwards the defendant in error brought an action in the district court of Douglas county to recover the amount of said judgment. The plaintiff in error pleaded the statute of limitations. On the trial of the cause judgment was rendered in favor of the defendant in error, and against the plaintiff in error, for the amount of said judgment. The cause is brought into this court by petition in error.

The principal question arising in this case is the character of a covenant against incumbrances.

An incumbrance within the meaning of the covenant against them, is said to be every right to, or interest in, the land, to the diminution in value of the estate, but consistent with the passage of the fee by the conveyance. *Prescott v. Trueman*, 4 Mass., 627. *Cary v. Daniels*, 8 Met., 482. 3 Wash. on Real Property, 460.

The covenant against incumbrances is in the present tense, "*that said premises are free from incumbrance.*" If the taxes in question actually existed as a lien against the land in question, at the time of the conveyance, the covenant was broken at that time, and a cause of action at once accrued in favor of the covenantee for his damages. 3 Washburn on Real Property, (4 Ed.), 449. *Morrison v. Underwood*, 20 N. H., 369. *Pillsbury v. Mitchell*, 5 Wis., 17.

In *Foot v. Burnet*, 10 Ohio, 333, a different conclusion was reached. The court say: "If the first grantee continues in possession of the land while his title remains undisturbed, and conveys to a subsequent grantee, in whose time an outstanding incumbrance is enforced against the land, justice requires that this subsequent grantee should have the benefit of the covenant against incumbrances to indemnify himself." No case is cited by the court in support of its position except that of *Backus v. McCoy*, 3 Ohio, 211. In that case the court say: "If the grantor, at the time of executing the conveyance, was in possession of the land, either as disseizor or under color of title, it cannot be said that he was not seized of an estate in the premises. *When the grantor is not seized, either in deed or in law, at the time of conveying*, the covenant of seizin must be broken at the moment of executing the deed containing it, and becomes thereby a mere chose in action, *and no longer annexed to, or passing with the land.*" To the same effect, see also *Devore v. Sunderland*, 17 Ohio, 60.

Where a covenant is broken at the time of the execu-

tion of the deed, it does not run with the land. The obligation is merely personal, and is limited to the parties of the covenant, and confers no right of action on subsequent purchasers of the estate. *Collier v. Gamble,* 10 Mo., 467. *Mosely v. Hunter,* 13 Id., 322. *Carter v. Denman,* 3 Zab., 260. *Mitchell v. Pillsbury,* 5 Wis., 407. *Swalsey v. Brooks,* 30 Vt., 692. *Richardson v. Door,* 5 Vt., 9. *Young v. Raincock,* 7 C. B., 310. *Beddoe's Ex. v. Wadsworth,* 21 Wend., 120. *M'Cartney v. Leggett,* 3 Hill, 134. *Whitney v. Dinsmore,* 6 Cush., 128. 1 Smith's Leading cases, 200.

The contract is a present engagement that the grantor has an unencumbered title, and is not in the nature of a covenant of indemnity. The statute of limitations, therefore, commences to run at once upon the breach of the covenant.

In *Mayberry v. Willoughby,* 5 Neb., 370, it is said that "the statute is a wise and beneficial law, and should not be viewed in an unfavorable light; and it is now generally conceded that it is not to be construed as merely raising a presumption of payment, but that in its. operation it is intended to be emphatically a statute of repose. * * * * If the creditor by his own fault and laches permits the statutes to attach, whatever may be the nature of his claim, he cannot complain of the operation of the law, since it is by his own negligence that it can be brought to bear against him."

As the statute of limitations had run against the claim, the action was barred. The judgment of the district court is therefore reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.