HANNIBAL H. KIMBALL *vs.* ROBERT R. BRYANT.

March 5, 1879.

Covenant of Seizin, when broken—Action by Grantee of Covenantee.—The covenant of a seizin in a deed of real estate is broken, if at all, as soon as the deed is executed. The cause of action for the breach is assignable; and if, before enforcing his remedy for the breach, the covenantee executes a conveyance of the land, it is, unless there be something to show a contrary intention, presumed that he intends to pass to his grantee the benefit of the covenant—that is, all his right to sue for the breach, so far as the grantee sustains injury by reason of it.

Same—Measure of Damages.—Upon such a breach, the damage is, *prima facie*, the consideration paid, but it may be varied by the circumstances.

The plaintiff, as grantee of one Dewitt C. Handy, brought this action in the district court for Hennepin county, to recover damages for breach of a covenant of seizin contained in a deed from defendant to Handy, the amount claimed being $125, the sum paid by plaintiff to obtain a conveyance from one Lasher, of his alleged paramount title. A jury was waived, and the action tried before *Young*, J., who found the facts as follows: The premises conveyed by defendant to Handy, and by Handy to plaintiff, originally belonged to one Halsted, who, on February 16, 1859, conveyed them in fee to one Lasher, by warranty deed, which, however, was not recorded until July, 23, 1873. On May 18, 1870, Halsted executed and delivered to one Jackson a deed whereby, for the expressed consideration of one dollar, he bargained, sold and

quitclaimed to Jackson, in fee, all his right, title and interest in and to the premises, which deed was duly recorded on May 23, 1870. By deed executed and recorded on May 27, 1870, Jackson, for the consideration of $500, bargained, sold and quitclaimed, in fee, to the defendant, all his right, title and interest in and to the premises. On January 11, 1870, Halsted executed and delivered to the defendant a deed whereby, for the expressed consideration of one dollar, he granted, bargained and sold the premises to the defendant, in fee simple, which deed was duly recorded, on January 11, 1871. On July 15, 1871, the defendant, in consideration of $500, conveyed the premises, in fee, to Handy, with covenants of seizin, warranty, etc., the deed being duly recorded on July 15, 1871; and on May 24, 1872, Handy, in consideration of $1,200, conveyed the premises in fee to the plaintiff, with like covenants, the deed being recorded on May 25, 1872. On July 17, 1873, in consideration of $175, Lasher granted, bargained and sold the premises in fee to the plaintiff.

As conclusions of law, the court held that Halsted having conveyed his title to the premises to Lasher, in 1859, nothing passed by his quitclaim deed of May 18, 1870, to Jackson; that defendant, when he conveyed to Handy, had no title to the premises, and there was a consequent breach of the covnants of seizin and warranty in his deed to Handy; that such covenant of seizin was a continuing covenant, enuring to the benefit of plaintiff, as Handy's grantee; that plaintiff, having, prior to bringing suit, bought in the outstanding title of Lasher for $175, sustained damage in that sum, for which defendant is liable to him on the covenant of seizin in defendant's deed to Handy. Judgment was accordingly ordered for plaintiff, for $175 and interest from July 17, 1873, a new trial was denied, and the defendant appealed.

*Woods & Babcock,* for appellant.

*Thomas Lowry,* for respondent.

GILFILLAN, C. J. Action on the covenant in a conveyance by defendant and wife to Dewitt C. Handy, that the grantors

v.25m—32

were seized in fee simple of the premises conveyed. Handy subsequently conveyed, with full covenants, to plaintiff. The grantors in the first deed had no title, and it does not appear they were ever in possession. The case presents the question, Is the covenant of seizin broken at once, if at all, vesting the cause of action for its breach in the covenantee? or does it continue and run with the land, and vest in the grantee of the covenantee?

If the covenant is to be construed as it reads, there can be no question about it. It is to be assumed, of course, that parties to a deed may agree upon covenants, with respect either to the present or to the future, as they may deem best, and that the covenants which they agree upon shall fix their rights. The covenant is, that the grantor is seized in fee simple. According to the terms used, this has reference solely to the present, and not, as has the covenant of warranty, for further assurance, or for quiet enjoyment, to anything to be done in the future, nor to any condition of things to exist in the future.

Giving the covenant this construction, it is completely fulfilled or completely broken on the instant of its execution, and, if broken, vesting at once a right of action in the covenantee; and this appears to have been at one time regarded as the law in England. But the case of *Kingdon* v. *Nottle*, 1 Maule & Selw. 355, while it admits that there is nominally an instantaneous breach, seems to treat the covenant as still continuing until an eviction, when the entire damages recoverable accrue; and that the right to recover such damages vests in the heir if the covenantee be dead, and in his grantee if he have conveyed, where they accrue after the death or conveyance. Following this case, the courts of several of the American states hold the covenant to run with the land. *Martin* v. *Baker*, 5 Blackf. 232; *Overhiser* v. *McCollister*, 10 Ind. 41; *Mecklem* v. *Blake*, 22 Wis. 495; *Schofield* v. *Iowa Homestead Co.*, 32 Iowa, 317.

The courts in Ohio hold the covenant to be real and run

with the land where the covenantor is in possession, but only a personal covenant where he is not in possession. *Devore* v. *Sunderland*, 17 Ohio, 52. But the courts of a great majority of the states before which the question has arisen, hold the covenant to be personal, and not to run with the land; and if there is a breach at all, it is complete and entire at the date of its execution. *Swasey* v. *Brooks*, 30 Vt. 692; *Moore* v. *Merrill*, 17 N. H. 75; *Hamilton* v. *Wilson*, 4 John. 72; *Mitchell* v. *Warner*, 5 Conn. 497; *Bickford* v. *Page*, 2 Mass. 455; Rawle on Covenants, (3d ed.) 342, and cases cited.

While we must concede this to be not only the general American doctrine, but the one most in accord with the intention of the parties as expressed by the terms of the covenant, it by no means follows that the covenantee's grantee can have no advantage from the covenant. Most of the American courts which hold that the covenant does not enure to the benefit of the grantee, proceed upon the ground that by the breach it becomes a mere chose in action, and is not assignable—a reason which has no force in this state, where choses in action in the nature of property may be assigned. It is assumed that the conveyance by the covenantee would be sufficient to pass the chose in action if it were assignable; and we think this is so.

The covenant is taken for the protection and assurance of the title which the grantor assumes to pass by his deed to the covenantee; and where the covenantee assumes to pass that title to another, it is fair to suppose that he intends to pass with it, for the protection of his grantee, every assurance of it that he has, whether resting in right of action or in unbroken covenant; so that if, before enforcing his remedy for breach of the covenant, the covenantee execute a conveyance of the land, unless there be something to show a contrary intention, it may be presumed that he intends to confer on his grantee the benefit of the covenant so far as necessary for his protection—that is, that he intends to pass all his right to sue for

the breach, so far as the grantee sustains injury by reason of it. This sustains plaintiff's right of action.

Where there is a breach, the measure of damages is, *prima facie,* the consideration paid. This, however, may be varied by circumstances, as in case the covenantee acquire some estate of value, though not the one covenanted, through the deed in which the covenant is contained, or, as in this case, the outstanding title is taken up by him at a less cost than such consideration.

Order affirmed.