LEW I. STURGIS, Appellant, v. NELLIE SLOCUM, Administratrix of the Estate of W. W. Slocum.

**Pleadings:** INCONSISTENT DEFENSES. Inconsistent defenses may be pleaded in different divisions of the same answer; so that a defendant in an action for breach of warranty may assert title by a conveyance in one division, and in another may rely on the inconsistent claim that no title or right of possession was transferred by the conveyance through which the plaintiff claims, and that the action is therefore barred.

**Covenants:** SEISIN AND WARRANTY : BREACH : RIGHT OF ACTION : LIMITATION. Where no possession or right passes to the grantee under a conveyance the covenants of seisin and general warranty are broken at once and a right of action accrues immediately, which must be prosecuted within the ten year period of limitation; and it is immaterial whether the action is by the immediate grantee or by those claiming under him.

*Appeal from Polk District Court.*—HON. JAMES A. HOWE, Judge.

FRIDAY, MAY 8, 1908.

REHEARING DENIED, THURSDAY, OCTOBER 29, 1908.

PLAINTIFF presented in the probate court his claim against the estate of Slocum, of which the defendant is administratrix, for damages arising from breach of the covenants in a deed of conveyance of certain land in South Dakota from the decedent to plaintiff's remote grantor. Grounds of defense were interposed on behalf of the estate, and a trial being had to a jury, the court at the conclusion of the evidence, on the motion of defendant, directed a verdict against plaintiff. From the judgment on such verdict, plaintiff appeals.—*Affirmed.*

*E. E. Hasner* and *Bailey & Stipp,* for appellant.

*S. G. Van Auken* and *Carr, Parker, Hewitt & Wright,* for appellee.

McCLAIN, J.—The covenants sued on were contained in a warranty deed from Slocum, the decedent, to one Griswold, executed in 1888, describing a tract of land in South Dakota, in which the grantor covenanted that he was lawfully seised of the premises; that they were free from incumbrances; that he had good right and lawful authority to convey the same; and that he would warrant and defend the said premises against the lawful claims of all persons whomsoever. By warranty deeds containing similar covenants the right and title of Griswold acquired by said conveyance, if any right or title was acquired thereunder, passed successively to P. F. Sturgis and to the plaintiff. Relying on these conveyances plain-

tiff seeks to recover from the estate of the decedent on the ground that decedent was not lawfully seised and did not have good right and lawful authority to convey, it having been determined in an action to which plaintiff was a party that the decedent was not the owner of the premises. The defendant asserted that decedent had title by conveyance from one Brown, and further, by way of independent defense, that at the time decedent executed his conveyance to Griswold he had no title whatsoever in and to the said premises, and was not seised nor in actual possession thereof, and that neither decedent, Griswold, nor P. F. Sturgis became seised or possessed of said premises prior to their respective conveyances thereof, and that plaintiff at no time became seised or possessed of said premises under and by virtue of the deed of said P. F. Sturgis to him or otherwise, and further that the cause of action, if any, for breach of covenant in decedent's deed to Griswold accrued immediately to Griswold on the execution of said deed, and was barred by the statute of limitations.

The evidence without conflict showed that at the date of the conveyance from Brown to decedent the land described was uninclosed and unoccupied and remained in that condition until 1894; that about that time which was subsequent to the conveyance by Griswold to P. F. Sturgis it was inclosed and occupied by one McKillop— not, however, as it appears under any authority from Sturgis; and that plaintiff has never had either possession or occupancy. It further appears that in 1899 an action to quiet title to the land described in these conveyances was instituted in the proper circuit court of South Dakota by one Troy against Brown, decedent's grantor, and Griswold, his grantee, to which the plaintiff in the present action became a party by intervention, in which action a decree was entered finding the title in fee simple to be in Brown, and he was awarded the right of

possession as against the plaintiff in that action and the intervener, and this decree on appeal to the Supreme Court of South Dakota was affirmed. See *Troy v. Brown,* 18 S. D. 11 (19 N. W. 76). It further appears from the record that decedent had notice of the pendency of this action, corresponded with the attorneys who represented intervener (this plaintiff) with reference to proving a conveyance from Brown to him, and testified on the trial as a witness.

It is fully established, therefore, by the necessary evidence without conflict that decedent had no title or right to convey at the time of the execution of his deed to Griswold; that Griswold did not take pos-

1. PLEADINGS: inconsistent defenses.

session of the land; and that neither P. F. Sturgis nor this plaintiff has ever acquired any title or possession under the chain of title under which plaintiff claims. It is contended for appellant that defendant by asserting in one division of his answer that decedent, acquiring title by the original conveyance to him from Brown, which title passed to plaintiff, is precluded from now relying upon the claim that no title or possession passed by his deed to Griswold. But the assertion that title thus passed made in one division of the defendant's answer did not preclude her from relying in another division of the answer on the inconsistent claim that no title or possession was transferred through or under such conveyance. By express provision of our statute the defendant is entitled to set up inconsistent defenses. Code, section 3620; *Herzman v. Oberfelder,* 54 Iowa, 83; *Heinrichs v. Terrell,* 65 Iowa, 25. The case of *Burns v. Chicago, F. M. & D. M. R. Co.,* 110 Iowa, 385, is not inconsistent with this conclusion. In that case it was simply held that the answer did not present inconsistent defenses and that the admission made in one division of the answer was not negatived by any matter alleged in the other.

The specific complaint of plaintiff in his petition was the breach of the covenants of seisin and of good right and lawful authority to sell and convey, and as already

2. COVENANTS: seisin and warranty: breach: right of action: limitation.

indicated it was established by the evidence that decedent had no seisin, possession, title, or right to convey at the time of the execution of his deed to Griswold, and that neither Griswold nor those claiming under him including plaintiff have ever had any seisin, possession, or title. Under these circumstances it is clear that the right of action which plaintiff now seeks to assert against decedent's estate is a right of action which accrued to Griswold immediately on the execution of the deed by decedent to him. In this state we have adopted the rule which is in accord with the English authorities, but contrary to the decisions in several of the States, that the covenant of seisin runs with the land, and if the grantee takes possession under and by virtue of the deed, although there may be a technical breach of the covenant of seisin because the grantor had no title, nevertheless, as no substantial damage has accrued to his grantee until he is evicted, the statute of limitation does not commence to run until such eviction. In other words, we have adopted as to the covenant of seisin the rule which is applied everywhere as to the general covenant of warranty. *McClure v. Dee,* 115 Iowa, 546; *Foshay v. Shafer,* 116 Iowa, 302; *Wood v. Dubuque & S. C. R. Co.* (C. C.), 28 Fed. 910. In announcing this rule the court has recognized the converse, that if no possession or right passes to the grantee under the conveyance then the covenants of seisin and general warranty are broken at once, and a right of action immediately accrues to the grantee which must be prosecuted within the statutory period of limitation, and it is immaterial whether the action is by the immediate grantee or those claiming under him, for no other or different right can be asserted by way of breach than that which

accrued immediately to the first grantee. This rule was originally stated in *Brandt v. Foster*, 5 Iowa, 287, and reaffirmed in *Mitchell v. Kepler*, 75 Iowa, 207. These cases are not doubted or distinguished in the later decisions, but are expressly recognized. It is plain therefore that Griswold, direct grantee of the decedent, could have maintained action against the decedent immediately on the execution of the deed, and as more than ten years elapsed from that time before this action was instituted all claim against decedent or his estate has become effectively barred. Rawle's Covenants for Title (4th Ed.), section 360; Wood's Limitation of Actions, section 174; *Hayden v. Patterson*, 39 Colo. 15 (88 Pac. 437). The judgment is *affirmed*.

WEAVER, J., takes no part.