G. F. ROCKAFELLOR, Appellee, v. J. W. GRAY et al., Appellees;
J. C. CONNELLY et al., Appellants.

COVENANTS: Covenants Running With Land—Seizin. The last gran-
1    tee of land may sue a remote grantor on his covenant of seizin even
though neither the remote grantor nor the latter's grantee ever had
actual possession of the land.

COVENANTS: Damages—Covenant of Seizin. The measure of dam-
2    ages in an action by a grantee of land against a remote grantor,
for breach of the latter's covenant of seizin, is the amount of the
consideration *recited* in said remote deed, and interest thereon at
the legal rate from the date when plaintiff received his conveyance.

EQUITY: Retention of Jurisdiction—Granting Relief at Law. In 'an
3    equitable action to set aside a deed to land, the court may, when
the issue is properly presented by an impleaded defendant, enter
judgment against a remote grantor on his covenant of seizin.

*Appeal from Harrison District Court.*—E. B. WOODRUFF, Judge.

DECEMBER 15, 1922.

ACTION in equity, to set aside a certain sheriff's deed to 80
acres of land. The present owners filed a cross-petition against
the remote grantor, asking damages for breach of the covenant

of seizin, and damages were awarded in the amount of the con-
sideration in the deed executed by said remote grantor, with
interest thereon.  Said remote grantor appeals.—*Affirmed.*

*Wilson & Crowley,* for appellants.

*Charles T. Dickinson, Cochran & Wolfe, Ernest M. Miller,
Roadifer & Roadifer,* and *Stout, Rose & Wells,* for appellees.

FAVILLE, J.—On October 14, 1907, one Doffing conveyed to
the plaintiff, by warranty deed, the eighty acres of land in con-
troversy in this action.  At that time, there was outstanding a
certain mortgage to one Gray of $500 against said land, which
the grantee in said deed assumed and agreed to pay.  Subse-
quently, foreclosure proceedings were instituted upon said mort-
gage, and the same culminated in a sheriff's deed, which was
executed and delivered to the appellant Connelly on February
23, 1911.  On April 20, 1911, Connelly conveyed said premises
to one Dixon.  The said deed contained the usual covenants of
warranty, and recited a consideration of $4,000.  On June 26,
1911, Dixon in turn conveyed the premises to Hansen & Greger-
son by a special warranty deed, which recited a consideration
of $7,000.  On August 15, 1918, the plaintiff, who was the orig-
inal grantee from Doffing, brought this suit to vacate and set
aside the foreclosure sale under said mortgage, on the ground
that the same was void because no jurisdiction had been ac-
quired of the plaintiff in said action.  On January 13, 1920,
Hansen & Gregerson filed their cross-petition.  Connelly, who
acquired the title by the sheriff's deed, as well as Hansen &
Gregerson, the present owners, were made parties to said action.
Hansen & Gregerson, in their cross-petition against Connelly,
prayed that, in the event that the plaintiff was successful in
vacating and setting aside the sheriff's deed, they have judg-
ment against the remote grantor, Connelly, upon the covenants
in his deed to Dixon, their immediate grantor.  The court en-
tered a decree in favor of the plaintiff, adjudging that the said
foreclosure proceedings were invalid and void, and that the
sheriff's deed to Connelly should be vacated and set aside, and
upon the cross-petition of Hansen & Gregerson, entered judg-

ment against Connelly on the covenant of seizin in his deed for the amount of $4,000 and interest, being the consideration recited in the deed from Connelly to Dixon, with interest from the date of the deed from Dixon to Hansen & Gregerson. From this portion of the decree, Connelly prosecutes this appeal; and the questions presented for our consideration are only those that arise between Connelly, the remote grantor, and Hansen & Gregerson, the remote grantees in the chain of title.

I.   The first question for our determination is whether or not the covenant of seizin runs with the land in this state, so that an action thereon may be maintained by a remote grantee.

1. COVENANTS: covenants running with land: seizin.

In *Brandt v. Foster*, 5 Iowa 287, we announced the rule that a covenant of seizin is a covenant for the title, and that if, at the time of the conveyance, the grantor did not own the land, the covenant is broken immediately, and that it is not necessary, in order to recover, to allege or prove an ouster or eviction.

In *Schofield v. Iowa Homestead Co.*, 32 Iowa 317, the precise question now presented was before us. The opinion contains a full discussion of the proposition. The court recognized the division among the authorities, and also that a majority of American courts recognize that the covenant of seizin does not run with the land. This court expressly at that time (1871) adopted the English rule, holding that the covenant of seizin runs with the land, and is broken the instant the conveyance is delivered, and then becomes a chose in action held by the covenantee in the deed; and that a deed by said first covenantee operates as an assignment of such chose in action to a remote grantee, who can maintain an action thereon against the grantor in the original deed. This case has withstood all subsequent assaults upon it, and the rule therein announced has become thoroughly imbedded in the jurisprudence of this state. It is a rule of property, and we are disposed to adhere to it, regardless of any views we may entertain as to the soundness of the rule as originally announced. It is too well established for us to now consider any repudiation of it. *Barker v. Kuhn*, 38 Iowa 392; *Frederick v. Callahan*, 40 Iowa 311; *Boon v. McHenry*, 55 Iowa 202; *Sturgis v. Slocum*, 140 Iowa 25. See, also, *Wood v. Dubuque & S. C. R. Co.*, 28 Fed. 910; *Allen v. Kennedy*, 91 Mo.

324 (2 S. W. 142) ; *Kimball v. Bryant,* 25 Minn. 496; *Clement v. Willett,* 105 Minn. 267 (117 N. W. 491) ; *Dickson & Gantt v. Desire's Admr.,* 23 Mo. 151; *Hazelett v. Woodruff,* 150 Mo. 534, 541 (51 S. W. 1048) ; *Wead v. Larkin,* 54 Ill. 489.

II.  Appellant contends, however, that there is an exception to the rule that the covenant of seizin runs with the land, where the covenantor has neither title nor possession of the premises at the time the deed is made and delivered.  Appellant's contention is that, even though we adhere to the rule that the covenant of seizin runs with the land, it does not run with the land for the benefit of a remote grantee, in a case where, at the time the conveyance is executed, the premises were in possession of a person other than the grantor, claiming by paramount title, or where the grantor at no time had either title to or possession of the premises.

For the purpose of the consideration of this question, it may be conceded that the evidence in the case establishes that the appellant Connelly, at the time of the execution of the deed in question, had no title to the premises under the sheriff's deed. It also clearly establishes that Connelly never had actual possession of the premises in any manner, nor did his grantee, Dixon, ever have such possession.  In this connection, appellant places stress upon the case of *Sturgis v. Slocum,* supra.  In that action, the suit was brought by a remote grantee against the covenantor in the deed.  It appeared in the record that, at the time said deed was executed, the grantor had no title whatsoever in and to the premises, and was not seized nor in actual possession thereof, and that neither he, his grantee, nor others in the chain of title became seized or possessed of the premises prior to their conveyance, and that the plaintiff at no time became seized or possessed of the premises by virtue of the deed from his grantor or otherwise.  We held that the right of action accrued to the original grantee immediately on the execution of the deed by the grantor, and said :

"If no possession or right passes to the grantee under the conveyance, then the covenants of seizin and general warranty are broken at once, and a right of action immediately accrues to the grantee, which must be prosecuted within the statutory period of limitation; and it is immaterial whether the action

is by the immediate grantee or those claiming under him, for no other or different right can be asserted by way of breach than that which accrued immediately to the first grantee.''

We held that the immediate grantee could have maintained an action against his grantor immediately on the execution of the deed, and that, as more than ten years had elapsed from that time before the suit was instituted, the plaintiff's cause of action was barred by the statute of limitations.

Applying the rule of the *Sturgis* case to the facts in this case, we find that, on April 20, 1911, appellant Connelly executed the deed in question to Dixon. Connelly had no title and no possession of the premises at said time. Under the rule in the *Sturgis* case, a right of action for breach of the covenant of seizin accrued to the grantee Dixon at said time. Under the rule announced by us in *Schofield v. Iowa Homestead Co.*, supra, this chose in action passed by the subsequent deed of Dixon to appellees Hansen & Gregerson. This action on the cross bill of Hansen & Gregerson against appellant Connelly was instituted on January 13, 1920, which was within the ten-year period of the statute of limitations. *Sturgis v. Slocum* is entirely consistent with the rule announced in *Schofield v. Iowa Homestead Co.* In this state, the covenant of seizin runs with the land, and an action for breach of said covenant can be maintained by a remote grantee. If the original covenantor had no title whatever to the premises and no possession thereof at the time of the execution of his deed, the covenant of seizin was broken immediately upon the delivery of the deed, and the right of action accrued immediately in favor of the grantee in said deed. If said grantee subsequently executed a deed to said premises, the execution and delivery of said deed operated as an assignment of the cause of action that the grantee in said deed had against his covenantor for breach of the covenant of seizin, and gave to said remote grantee the right to maintain an action against the original grantor for breach of said covenant. Said action, however, would have to be brought by said remote grantee within the period of the statute of limitations from and after the execution and delivery of the original deed.

The question of whether or not the original covenantor had possession at the time of the execution and delivery of his deed

is wholly immaterial, under the rule in this state. He is bound by the covenant if his title and right to possession wholly failed, whether he ever had actual possession or not."

III. However, another question confronts us, and that is the contention that, the original covenantee never having been in possession of the premises, the covenant of seizin could not run with the land.

Some of the courts which recognize the rule that the covenant of seizin runs with the land appear to base the holding upon the fact that the grantee has had possession under the deed. It is the theory that seizin in fact is what carries the covenant of seizin and causes it to run with the land. See *Mecklem v. Blake,* 22 Wis. 495. This, however, is not the reason for the rule that the covenant of seizin runs with the land to a remote grantee, as recognized by this court. In the *Schofield* case, speaking by Mr. Justice Beck, this court said:

"What legal principle would be violated by holding that the deed from the first grantee operates as an assignment of this chose in action? Deeds, under the laws of this state, have been reduced to forms of great simplicity. Intricate technicalities have been pruned away, and they are now as brief and simple in form as a promissory note. All choses in action, as I have just remarked, may be assigned and transferred. The covenant of seizin (if it be held that such a covenant exists in a deed of the form authorized by the laws of this state), as we have seen, is intended to secure indemnity for the deprivation of the title and enjoyment of the lands conveyed. Why not brush away the 'technical scruples' gathered about the covenant of seizin, as we have the like technical and cumbrous forms of the instrument itself, and enforce it for the benefit of the party who is really injured by its breach, even though, in so doing, we find it necessary to hold that a chose in action is assigned and transferred by the operation of the deed?''

In the case at bar, the evidence shows that the original grantor, Connelly, never had possession of the premises in question, nor did his grantee, Dixon, who conveyed to the appellees Hansen & Gregerson. Neither Connelly nor Dixon paid any attention to the land. They never were in possession, nor leased the same, nor paid any taxes thereon. If in every case it must

be held that the covenant of seizin only runs with the land where the original covenantee takes possession before conveyance by him to another, then it could not be said to run with the land in this case. The original covenantee, Dixon, did not take possession of the land, and had no such possession when he conveyed to the appellees Hansen & Gregerson. The evidence tends to show that the latter never had actual possession of the premises. If the covenant of seizin runs with the land to a remote grantee under the theory that subsequent deeds operate as an assignment of the chose in action that accrued to the first grantee, then there is no logical reason why the remote grantee, claiming by conveyance under the original grantee, cannot maintain the action, whether or not he ever had actual possession of the land. The rights of the remote grantee are acquired by conveyance (assignment), and not by virtue of actual possession of the premises. The grantor, appellant Connelly, had neither title to nor possession of the premises at the time he executed and delivered his deed to Dixon, on April 20, 1911. Dixon thereupon had a right of action against Connelly for the breach of the covenant of seizin. This right of action, under our holding in *Schofield v. Iowa Homestead Co.*, supra, passed by assignment to the appellees Hansen & Gregerson by the deed which Dixon executed and delivered to them on June 26, 1918. These grantees asserted their claim for breach of appellant's deed within the ten-year period from the date of the execution and delivery of the original deed from Connelly to Dixon, and were entitled to maintain said action and to recover against the remote grantor, Connelly.

IV.  A question is raised as to the amount of the recovery of appellees Hansen &. Gregerson against Connelly. The court allowed recovery in the amount of the consideration recited in

**2. COVENANTS: damages: covenant of seizin.** the deed from Connelly to his grantee, Dixon, with interest thereon from the date of the execution of the deed from Dixon to Hansen & Gregerson. This was in accordance with the general rule in cases of a breach of covenant of seizin.

In *Brandl v. Foster*, supra, we held that:

"If, at the time of the conveyance, the grantor does not own the land, the covenant is broken immediately. * * * The

measure of damages for breach of this covenant is the consideration money and interest, upon the ground that this is the actual loss. If the grantee, however, has lost less, he is limited to the amount of injury sustained. * * * The consideration money, with interest, is the extent to which damages can, under any circumstances, be recovered, upon this covenant. As a general rule, this is the standard. They may, under some circumstances, fall below, but can never exceed it.''

In *Shorthill v. Ferguson,* 44 Iowa 249, we said:

''Parol proof of consideration to contradict that expressed in the deed is admissible as between the original parties, but it is not admissible in a suit against the original grantor by one to whom his grantee has transferred the land.''

We held that the consideration in the deed is to be taken as a conclusive admission by the defendant that such is the value.

In *Guthrie v. Russell,* 46 Iowa 269, we approved the following from *Baxter v. Bradbury,* 20 Me. 260:

''If the covenant of seizin is broken, as thereby the title wholly fails, the law restores to the purchaser the consideration paid, which is the agreed value of the land, with interest.''

In *Foshay v. Shafer,* 116 Iowa 302, we held that, where the covenantee had been given possession, the breach of the covenant of seizin did not entitle him to recover substantial damages until some positive injury had been suffered, and held that no more than nominal damages could be recovered so long as the grantee remains in possession, without actual injury.

See, also, *Greenvault v. Davis,* 4 Hill (N. Y.) 643.

Appellant contends that, if it is held that the covenant of seizin is breached immediately upon the execution and delivery of the original deed to the immediate grantee, where the grantor has no title, and that the rights of the grantee pass by assignment to a remote grantee by mesne conveyances, the measure of damages in an action by the remote grantee would be the same as the damages which the original grantee could have recovered against the grantor. It must be conceded that there is much force in this contention by the appellant. If the consideration recited in the original deed could be attacked between the original grantor and his immediate grantee, and if a con-

veyance by the first grantee operates as an assignment of a chose in action for breach of the covenant of seizin to a remote grantee, it can well be argued that the remote grantee can in no event recover any greater amount than could the immediate grantee. Or, to put it another way, if, in a suit for breach of this covenant between the original grantor and his immediate grantee, the consideration recited in the deed could be impeached, and if the chose in action arising from such breach of the covenant of seizin passes by assignment to a remote grantee, it may well be said that the remote grantee (the assignee of the chose in action) should not be allowed to recover against the original grantor any greater amount than could his assignor, the original grantee. In this case, it is the contention of the appellant that, while the deed from him to his immediate grantee, Dixon, recites a consideration of $4,000, in truth and in fact there was no consideration, or at least it was merely a nominal one; and it is his contention that the remote grantees Hansen & Gregerson can recover against him no greater amount than Dixon could have recovered. Just what would be our ruling on this question, if it were one of first impression, we do not need to determine. We regard the question as settled by our previous decisions, and are bound by the rule of *stare decisis.* We have recognized and announced the rule that, as between the original parties, parol proof of the actual consideration is admissible to contradict the recitals of a deed, but that such evidence is not admissible in a suit by a remote grantee against the original grantor. See cases supra. The remote grantee, in purchasing the premises, had a right to rely upon the fact that the original grantor in a prior deed was bound by the covenants of warranty and of seizin therein, and had a right to take into account the consideration recited in such prior deed in purchasing the premises. In this case, Hansen & Gregerson from an examination of the record would have been apprised of the fact that the appellant had executed and delivered to his grantee, Dixon, a warranty deed containing the covenant of seizin, and that said deed recited a consideration of $4,000. They likewise had a right to rely upon the law of this state that said covenant of said deed ran with the land, and inured to their benefit. It is to be presumed that they took these matters into

consideration in purchasing from Dixon. As to them, the original grantor is estopped to claim that the consideration recited in said deed is, in fact, less than the recitals therein contained. This is the rule as to the covenant of warranty, and applies in this state equally to the covenant of seizin. In no event could the remote grantee recover from the remote grantor a greater amount than the consideration recited in the original deed between the remote grantor and his immediate grantee. In this instance, the recovery of Hansen & Gregerson against the appellant Connelly is limited to $4,000, the consideration recited in the deed from Connelly to his grantee, Dixon. Hansen & Gregerson are entitled to interest on this amount from the date of their deed from Dixon. The recited consideration in the deed from Dixon to Hansen & Gregerson is $7,000. The evidence tends to show that this consideration was in fact paid by Hansen & Gregerson to Dixon. The amount of the recovery of Hansen & Gregerson, as before stated, is limited to the consideration recited in the deed from the original grantor to his immediate grantee, even though the remote grantee paid a larger consideration. Whether or not the remote grantee could recover from the remote grantor the amount of the consideration recited in the original deed between the remote grantor and his immediate grantee, in the event that the remote grantee had paid his grantor a smaller sum than the consideration recited in said original deed, is not before us, and we express no opinion thereon. In other words, the question of the amount that Hansen & Gregerson could have recovered in the event that the consideration in their deed from Dixon had been less than the consideration in the deed from Connelly to Dixon, is not before us in this case, and we express no opinion on such state of facts.

The decree of the lower court was in accordance with the rules herein announced, and was correct.

V. Some question is raised as to the power of a court of equity in this proceeding to award judgment on the cross-petition of Hansen & Gregerson in the same action in which plaintiff seeks to vacate the decree in the foreclosure suit.

Properly speaking, the action of Hansen & Gregerson against Connelly for breach of the covenant of seizin is an action at law; but all of the parties were before the court in this pro-

3. EQUITY: retention of jurisdiction: granting relief at law. ceeding, and the court of equity, having acquired jurisdiction, had power to grant full relief. As bearing on the question, see *Montpelier Sav. Bank & Tr. Co. v. Arnold*, 81 Iowa 158; *Duroe & Conley v. Stephens*, 101 Iowa 358.

A motion to dismiss the appeal has been filed and submitted with the case. This motion is without merit, and it is overruled.

The decree. of the district court should be in all respects affirmed. It is so ordered.—*Affirmed.*

STEVENS, C. J., EVANS and ARTHUR, JJ., concur.