PEAK, &c.
RS
BULL & Co.

turn of no inhabi-
tant does not ope-
rate as an abate-
ment, by force of
such return, but
plaintiff    may
have farther pro-
cess or· abate at
discretion if no
appearance    be
entered.

---

CHANCERY.                 Peak, &c. *vs* Bull & Co.

*Case* 104.              ERROR TO THE GALLATIN CIRCUIT.

*Attachment in chancery.   Writ of error.   Limitation.*

*June 22.*     JUDGE BRECK delivered the opinion of the Court.

The pendency of
an    attachment
bill  to   enforce
the collection of
a debt, is no bar
to a proceeding
at law to enforce
the collection of
the same  debt:
*Black* vs *Lackey*,
(2  B.  Monroe,
257.) Nor is the
pendency  of  a
suit at  law  any
bar to an attach-
ment to enforce
the collection of
the same debt.

IT was held in *Black* vs *Lackey*, (2 B. Monroe, 257,) that the pendency of a chancery suit for attaching and enforcing a lien for the same debt, was not a ground for abating the suit at law. So in this case we are of opinion that the pendency of the suits at law was not ground for abating the suit in chancery for collecting by attachment, the same debts; and consequently, that the demurrer to the plea in abatement was properly sustained.

We are also of opinion that the motion of the defendant below, to compel the complainants to elect whether they would proceed at law or in chancery, in the prosecution of their claims, was properly overruled. The

proceeding in chancery was based upon the ground that one of the debtors was fraudulently about to remove his property from the Commonwealth, and to dispose of the same. The complainants should have been permitted, in view of the circumstances, to prosecute both remedies; and the Court, therefore, erred upon the mere motion of the defendants in restraining the complainants from obtaining judgments at law, which might be essential to the final collection of their claims.

We are not satisfied that there was any abuse of discretion by the Court in refusing to set aside the order taking the bill for confessed against the defendant, Stringfellow. The ground relied on, that the complainants had not, at the time the order was made, filed copies of the record and proceedings upon the suits at law, which they had made exhibits, is not deemed sufficient. The suits were pending in the same Court and the record equally accessible to the defendants as the record in the chancery suit. Besides, it does not appear that the defendants offered to file an answer, which, if true, would have constituted an available defence.

The bill, therefore, having been properly taken for confessed against Stringfellow, and after his death the suit revived against his administrator and heirs, and the fact appearing that he removed from the Commonwealth about the time that the attachment was awarded, renders further proof of the alledged fraudulent intent unnecessary.

Sebastian, we think, was a competent witness, and the exceptions to his deposition properly overruled. Whether he used due diligence in collecting the debts which had been placed in his hands by Peak &c., was not a matter which it was the duty of the complainants to investigate. The order was to pay the amount, when collected, and was so accepted. It was placed in the hands of complainants as collateral security, and we are not satisfied that they were guilty of any negligence in regard to it, for which they should be held responsible.

Upon the whole, we are of opinion there is no error in the decree to the prejudice of the plaintiffs in error.

PEAK, &c.
*vs*
BULL & Co.

The plaintiff who is proceeding at law and in chancery by attachment, to collect the same demand cannot be required to elect in which suit he will proceed, where the bill charges a fraudulent intent to remove the property.

The receiving an order upon an officer to pay over the amount of his receipt when collected, did not oblige the party receiving it to sue the officer or loose the amount of the receipt.

In regard to the cross errors, we are also of opinion: the decree ought not to be disturbed.. Whether a less amount was decreed the complainants than they were entitled to, it is not necessary to decide, as more than three years had elapsed from the rendition of the final decree, before the cross errors were filed, and that matter being relied on in bar thereof.. The Legislature, in authorizing cross errors to be filed, intended, we think, to give the party all the benefit and advantage, and no greater than would result from suing out a writ of error at that time, and consequently, that the limitation to a writ of error should be equally applicable to the cross errors..

Wherefore, the decree is affirmed upon both the original and cross errors..

*Lindsey* for plaintiffs; *Pirtle & Speed* for defendants..