COFFMAN *et al.*, Respondents, v. HUCK, Appellant.

1. Coffman v. Huck, 19 Mo. 435, affirmed.

*Appeal from Ste. Genevieve Circuit Court.*

The court found the facts as follows : " That Huck, the defendant, occupied the mill and used and enjoyed it for seven years and four months ; that the reasonable rents and profits of the mill for that time, at the rate of $450 a year, amounts to $3300 ; that Huck has expended for repairs of mill the sum of $1090, and in the erection of a dwelling-house near the same the further sum of $1000—making in the aggregate $2090, and which, deducted from the rents, leaves a balance due plaintiffs of $1210, for which judgment is rendered."

*Noell*, for appellant.

I. The court erred in the mode adopted to ascertain the amount for which defendant was liable to plaintiffs. He was not in possession as a tenant or renter, and was therefore not bound to pay even a reasonable rent. The plaintiffs' right is an equitable one and extends only to the receiving back from Huck what he himself had made by his occupation of the property. If Huck actually made nothing, then he was bound for nothing. If the mill had been idle during the whole time, the plaintiffs had no right to complain under the circumstances. (19 Mo. 435.)

II. The finding of the facts does not correspond with the real issue in the cause, and was not warranted by the evidence.

III. The court erred in vacating the commissioner's report. That report strictly conformed to the law as laid down by this court in this cause when heretofore determined.

*Frissell*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case was before this court at our March term, 1854. It was reversed and sent back. The opinion then delivered is

reported in 19 Mo. 435. We have again examined the case carefully, and also the principles set forth in the opinion then delivered. We are satisfied with the correctness of the decision then made, and the principles set forth and contained in the same, and they must govern and decide this case now.

In that opinion it is distinctly laid down that " one who enters as a purchaser on lands is influenced by motives very different from those which actuate a tenant taking a lease at a certain rent, and he should not be chargeable as such when he loses his purchase without his fault. As not the least blame attached to the defendant's conduct, and as there was no expectation of being charged as a tenant, he should be liable only for the profits he made on that portion of the land which really belonged to the plaintiff. So far as he was benefitted by the occupation, he was liable, and on no principle of law or justice should he be held to a more extended accountability." The relation of landlord and tenant did not exist in this case. Nor will the principles of law recognized as existing between persons standing in that relation apply to this case. " The defendant Huck can only be held liable to the amount that he has been benefitted by the occupation, as he has not paid the purchase money, and not for what a single witness may say was the annual value of the premises." We again refer to our former decision, and say the principles in that must govern this case. We do not think the rule adopted by the referee was a proper one—that to compare the relative situations of Huck before and at the time he purchased, and seven years after when the contract was rescinded. Nor was the evidence of what persons supposed the annual rent of the mill ought to be worth the proper criterion to ascertain the benefit of the occupation. We can not pretend here to weigh the evidence, nor to say that any part of it was entitled to less credence than the rest. But taking it all to be worthy, we are compelled to doubt the correctness of the finding of the facts by the court.

We shall send the case back for a new trial, and direct that the evidence be confined to ascertain what the mill was worth

to Huck — what the mill was worth, considering its condition, the seasons, and all the circumstances, to an ordinarily prudent and industrious man; and not what it ought to be worth per annum to a tenant who rented it alone and run it as leased property. The value of the house built by Huck being charged against the plaintiff, it is but reasonable to allow them rent for it during the time it was occupied by Huck and his family. In this case the defendant having been placed in his condition without any fault of his own, it is but fair and just, when the contract has been rescinded, to estimate the amount and value of improvements made and erected by the defendant, and to make him account for the benefits and profits received by him on account of the purchase. Now in doing this, the court is instructed to charge Huck for such benefits and profits as from all the facts and circumstances did accrue to him, or would under the like circumstances have accrued to an ordinarily prudent and industrious man.

Let the judgment be reversed, and the cause remanded; Judge Scott concurring.