BEARD v. DELANEY *et al.*

1. **Bond: TO PROCURE TITLE: MEASURE OF DAMAGES.** A executes to B a deed for lands to which he has no title. He also, for a certain sum named and paid (the amount of the consideration of the deed), executes to B a bond obligating himself to procure, within a certain or reasonable time, the title to said lands. *Held*, that on the failure of A to procure title as stipulated, B may maintain an action as for the breach of the bond and recover for his damages the amount paid with interest thereon.

2. —— Such an action is not in the nature of one upon the covenant of warranty, wherein, there being no eviction, only nominal damages are recoverable.

3. —— Notwithstanding the sum stated in such bond was therein denominated as a penalty or "penal sum," it was, nevertheless, held to be liquidated damages. The terms used by the parties will not always control the construction. Following *Foley* v. *McKeegan*, 4 Iowa, 1.

4. —— It was further *held*, that to entitle plaintiff to recover the amount paid, he need not tender a reconveyance to defendant.

*Appeal from Lucas Circuit Court.*

TUESDAY, SEPTEMBER 17.

ACTION to recover damages for breach of a bond to procure title to real property. The defendants made default, and the court gave judgment for plaintiff for nominal damages and costs, from which plaintiff appeals.

*Stuart Brothers* and *E. E. Edwards* for the appellant.

*W. S. Dungan* for the appellees.

MILLER, J.— On the assessment of damages the plaintiff was called as a witness, and testified that he purchased the land mentioned in the bond with eighty acres of other land and received a deed for both tracts, which deed was

duly recorded; that the consideration for the land described in the bond was, to be kept back by him and not to be paid until the title was made good to the plaintiff; but Delaney wanted to use the money, and the bond was given for this sum and plaintiff paid the same to Delaney; that the land described in the bond is timber land, situated about three miles from the other land purchased; that he never took actual possession of the timber land, never saw the same, and avoided having any thing to do with it until he should obtain the title thereto.

The bond is in these words:

"Know all men by these presents, that we John Delaney as principal, John Hays and John Long as sureties, are held and firmly bound unto James Beard, in the penal sum of $400, for the payment of which we hereby bind ourselves and assigns.

"The conditions of the above bond to be null and void in case the principal, John Delaney, immediately proceed and perfect the title to James Beard, of the following described land, to wit: Nineteen acres of land, off of west $\frac{1}{2}$ of south-east $\frac{1}{4}$ of north-east $\frac{1}{4}$ of section (9) in township (72) north, of range (20) west, there being at time of making this bond no title for said land out of Jesse Williams, who entered the land aforesaid. Now in case said Delaney proceeds immediately, and within a reasonable time perfects the title to the land aforesaid, then this bond to be void, else to remain in full force and effect. Witness our hands this 23d day of March, A. D. 1870.

"JOHN DELANEY,
"J. A. LONG,
"JOHN HAYS.

"Witness, E. B. WOODWARD."

The action was commenced on the 7th day of October, 1870, and the petition alleges, as the breach of the bond, "that neither of the defendants have taken any steps or

made any effort to procure for petitioner a title to said lands, although a reasonable time for such action has long since expired, and that the title to said lands still remains in the said Jesse Williams." The truth of these and the other averments is admitted by the default.

The court below viewed the case as being substantially an action upon the covenant of warranty in a deed, and held that the conveyance invested the grantee with the possession, and that, as there was no eviction, only nominal damages were recoverable.

In this view the court erred. The action was on the bond for title. The breach alleged is the failure of the principal obligor to procure the title according to the terms of the bond. The consideration paid for the land was $400. Unless there is some inflexible rule of law to the contrary, it would seem clear that, if the plaintiff paid the defendant $400 in consideration of his agreement to procure the plaintiff a good title for the land described in the bond, which the defendant has failed to perform, the measure of damages should be the consideration paid and interest.

It is urged by appellee that the defendant having executed and delivered to plaintiff a warranty deed for the land contemporaneous with the execution of the bond, the bond created no additional obligation on the part of the grantor. It is to be observed that there is nothing in the record showing that the deed executed and delivered by Delaney to the plaintiff contained a covenant of warranty or any other covenant. The only evidence of such deed is the oral testimony of the plaintiff; he says: " I paid John Delaney $400 for the tract of land described in the petition." " I purchased this land with eighty acres of other land, and received a deed for all the land purchased," etc.

The covenant of warranty in a deed for lands is intended to assure to the purchaser the possession of the premises, and it is only broken by eviction, which may be actual or

constructive. *Brandt* v. *Foster*, 5 Iowa, 287, and cases there cited. It is evident that the parties to this bond intended to secure to the purchaser, not the possession of the land, but the *title* thereto.

The obligor, Delaney, did not pretend to have any title whatever. He made a deed for the land to plaintiff it is true, but it was well known to both parties that the title was in Williams. Delaney was to procure the title to be made to the plaintiff, and the latter was to retain the purchase money until he was invested with the title to the land. Delaney, desiring to use the money, executed the bond with his co-obligors in consideration of the $400, the price of the land being paid him by plaintiff in advance of his obtaining the title from Williams. The plaintiff never took possession or claimed title to the premises. He could not enter upon the land without committing a trespass. He knew the title was in another, against whom or upon whose land he had no claim, legal or equitable. He had no color or claim of title whatever to the land. The bond then must be treated as the parties evidently intended it, as a bond for title.

Had there been no conveyance of the premises by Delaney to the plaintiff, it would be beyond dispute that the plaintiff, having paid the price, and Delaney failing to comply with the conditions of the bond, and procure the title for the plaintiff as stipulated, the plaintiff would be entitled to recover the money paid and interest, this being the measure of his injury. *Foley* v. *McKeegan*, 4 Iowa, 1; *Stewart* v. *Noble*, 1 G. Greene, 26. That there was a deed made did not change the rights of the parties under the facts shown.

It is further urged by appellee that the $400 mentioned in the bond is to be treated as a "penalty," and not as liquidated damages, and that, so long as the plaintiff holds Delaney's deed for the land, the actual damages for a breach of the bond is only nominal.

Courts will not always treat the sum named in a bond as a penalty, although the parties themselves have so styled it. The term used does not always determine the action of the court in giving a construction to the contract. The sum named will be treated as a "penalty" or "liquidated damages," the one or the other, depending on the nature of the agreement, the surrounding circumstances, the intention of the parties, and the reason and justice of the case. *Foley* v. *McKeegan, supra,* and cases cited in the opinion of WRIGHT, Justice.

It is urged that the plaintiff ought not to recover more than nominal damages without reconveying the land. The plaintiff's right of action does not depend upon this in any degree whatever. It arises on the alleged breach of the bond. That plaintiff has not offered to reconvey cannot affect the measure of damages for such breach. Delaney will be entitled to a reconveyance only after he shall have discharged the judgment for damages. But that he may be then entitled to demand a reconveyance, or a cancellation of his deed to plaintiff, cannot operate as a bar to the recovery by plantiff of his full actual damages in this action. The sum named in the bond was paid by the plaintiff in consideration of the agreement by defendant to procure for the former the title to the land, which he has not done. The injury to the plaintiff can be compensated only by repayment of his money, with interest, which is the measure of his damages.

Reversed.