### Piersall v. Huber Manufacturing Company.

(Decided June 2, 1914.)

#### Appeal from Fayette Circuit Court.

Election of Remedies—Actions for Rescission of Contract and Damages for Breach of Its Conditions are Inconsistent.—The buyer of personal property has the right of election to keep the property and sue for damages on the contract if its conditions have been broken by the seller, or to repudiate the contract and demand its rescission; but he cannot pursue both remedies. Therefore, where a party to a contract successfully maintained a suit for a rescission of the contract, he could not thereafter bring a suit to recover damages for a breach of the contract.

FORMAN & FORMAN for appellant.

GEORGE C. WEBB for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

In 1906 the appellant, who will hereafter be styled the plaintiff, brought a suit in equity against the appellee, hereafter called the defendant, stating her cause of action in two paragraphs.

In the first paragraph it was averred that in July, 1906, the defendant sold and delivered to the plaintiff an 18 horse-power traction engine, and warranted the same to be well-constructed and with proper use and management to be capable of doing well the work for

which the same was sold, namely, to furnish the power necessary to run and operate a thresher and threshing outfit, which plaintiff then owned and operated; and that the engine would pull the separator and outfit from place to place as required in the threshing business; that as an inducement to the purchase, the defendant agreed to supply a competent engineer to start the engine and put it in operation, and that in consideration thereof plaintiff paid to the defendant $650 in cash and agreed to pay it the further sum of $645 on September 1, 1906.

It was further averred that the engine and machinery so sold her was not well constructed, and that although plaintiff used proper care and management, it was not capable of doing well or at all the work for which it was sold and did not furnish the power necessary either to run, pull or operate the threshing outfit; that the pump was defective and failed to work properly, and that defendant failed and refused to furnish a competent engineer to start the engine, and by reason of the several breaches of the contract plaintiff was put to great loss of time and expense and lost the use of the engine from July second to July sixth, at which last-named date another was procured to take its place, by all of which she was damaged in the sum of one thousand dollars, for which amount she prayed judgment.

In the second paragraph it was further averred that after the defendant had full notice of the defective and insufficient character of the engine, and at a time when the plaintiff was in ignorance of its defective and insufficient condition, the defendant procured her to execute a written order for the engine and to pay the $650 in cash and execute the note for $645, and that in procuring said written order and the payment of the money and the execution of the note, the defendant fraudulently concealed from plaintiff the defective and insufficient condition of the engine and the fact that it did not comply with the warranty previously made.

The plaintiff further averred "that her claim in this action is for one thousand dollars damages based upon the breach of defendant's contract and warranty as to the working capacity of the traction engine, and also for a cancellation of said contract and the recovery of six hundred and fifty dollars paid by her on account of the purchase price of said engine, with interest there-

on from the date of filing this petition, and this plaintiff believes she ought to recover herein one thousand dollars damages, or such damages as she has sustained by the breach of said contract, and the further sum of six hundred and fifty dollars, the amount paid in cash.''

The prayer of the petition was for judgment for one thousand dollars in damages, for six hundred and fifty dollars, the cash payment, and the cancellation of the contract and the note for $645 executed for the deferred payment.

The circuit court required the plaintiff to elect whether she would prosecute the cause of action to recover one thousand dollars in damages or the cause of action for a cancellation of the contract, including the note for $645, and a return of the $650 paid in cash, and she elected to prosecute the one for a breach of the contract, and dismissed, without prejudice, the first paragraph of her petition seeking to recover damages for a breach of the warranty.

After this the case came on for trial in the circuit court and the plaintiff succeeded in securing a cancellation of the contract, including the note for $645, and a judgment for the recovery of the $650 paid, and this judgment was affirmed by this court in the case of Huber Manufacturing Co. v. Piersall, 150 Ky., 307.

Thereafter, in 1911, the plaintiff brought this suit, in which she set up, in substance, the same state of facts as were alleged in the first paragraph of her original suit, which was dismissed without prejudice, and sought to recover one thousand dollars in damages on account of the breach of warranty. This petition disclosed, in an amended petition, the facts with reference to the original suit, and thereupon the lower court sustained a general demurrer to the petition, and the plaintiff appeals.

The ruling of the lower court in sustaining the demurrer was influenced by the fact that the relief sought was inconsistent with the relief obtained in the cancellation of the contract; or, in other words, the lower court was of the opinion that as the plaintiff had succeeded in a suit to cancel the contract on the ground of fraud, she could not in another suit recover damages for a breach of the contract.

As a general proposition it is well settled that when a party seeks and obtains the cancellation of a contract

upon the ground of fraud, he will not be allowed to maintain an action in damages for a breach of the conditions of the contract that on his motion was cancelled and set aside. The right to recover damages for a breach of the warranty in such a case must necessarily be rested upon the ground that there was a contract between the parties, and as a result of the breach of this contract the plaintiff suffered damages. If there was no contract between the parties, it seems obvious that one of them could not maintain an action in damages for the breach of a contract that did not exist. Therefore, when the plaintiff in this case secured relief by disaffirming the contract, and upon the ground that in fact no contract was made, this was a waiver by her of the right to recover damages for a breach of the contract, and her cause of action asserted in the second paragraph of the first suit and in this suit were utterly inconsistent.

The plaintiff had two remedies and the right to elect which one of them she would pursue. She could stand by the contract and sue to recover damages for a breach of its conditions, or she could elect to seek a cancellation of the contract upon the ground of fraud, and a return of the money that was paid; but manifestly she should not be allowed to seek relief in one paragraph on account of the breach of the conditions of the contract that in another paragraph she said had never been entered into and did not exist.

There are of course many cases where consistent, concurrent remedies are allowed. Examples of this class of cases are found in: Roberts v. Moss, 127 Ky., 657; Black v. Lackey, 2 B. Mon., 257; Peak v. Bull, 8 B. Mon., 428; Walker v. Mitchell, 18 B. Mon., 541; Burr v. Woodrow, 1 Bush, 602; Cumberland Telegraph & Telephone Co. v. Cartwright, 128 Ky., 395. But we have not been referred by counsel to any case presenting a state of facts similar to this in which a party has been permitted to pursue two remedies, one resting on an affirmance of the contract and the other on its repudiation.

The case of Ross v. Sheldon, 119 S. W., 225, is relied on as supporting a different view, but we do not find that it conflicts with what has been said. In that case Ross entered into a contract with Sheldon and others by the terms of which he leased to them coal lands.

After this Ross brought a suit against the lessees, except Welchell, for a cancellation of the contract and to recover damages in the sum of $5,000. He averred in his petition that he executed the contract with the understanding that Welchell, who was the only lessee financially able to carry out the contract, would sign it, which he did not do. He further averred that the other lessees who had signed the contract had failed to perform any of the conditions of the contract looking towards the development of the lands. There was a motion by the defendants to require Ross to elect whether he would prosecute his cause of action for a cancellation of the contract or to recover damages for a breach of it, and the action of the court in overruling this motion was complained of. In considering this feature of the case the court said:

"There is another question that must be disposed of That is, the right of Ross to seek in the same action a cancellation of the contract, and damages for a failure to comply with the terms of the contract. Where a suit is brought to cancel a contract upon the sole ground that it was obtained by misrepresentation or fraud, or entered into by mistake, we do not think it would be proper to unite with this complaint in a separate paragraph an action for damages for a breach of the contract. The two claims would be totally inconsistent; the suit for cancellation proceeding upon the ground that no contract had been entered into, and the suit for damages upon the theory that an executed contract had been broken."

After laying down this correct principle and saying that "If the court had required Ross to elect which cause of action he would prosecute, we would not disturb his ruling," and that "we are of the opinion that the motion to require Ross to elect should have been sustained," we said that under the exceptional facts of the case Ross should not be denied the right to bring a suit for damages after the court had decided that a valid contract existed between the parties.

In support of the view that inconsistent actions like the ones here sought to be maintained will not be allowed, there is no difference of opinion in the authorities, all of them holding, in substance, that the buyer of personal property has the right of election to keep the property and sue for damages on the contract, if its

conditions have been broken by the seller, or to repudiate the contract and demand its recision, but he cannot pursue both remedies. Beach on Contracts, section 812; Page on Contracts, section 1569; Brown v. Mandeville, 95 N. Y., 240; Connihan v. Thompson, 111 Mass., 270; Nanson v. Jacobs, 93 Missouri, 331, 3 Am. St. Rep., 531; Fowler v. Bowery Savings Bank, 113 N. Y., 450, 10 Am. St. Rep., 479; Kearney Milling Co. v. Union Pacific Railway Co., 97 Ia., 719, 59 Am. St. Rep., 434.

Indeed, we do not understand counsel for plaintiff to question the soundness of this rule or its application to the present case as we have stated it. But they attempt to take this case out of the rule upon the theory that the plaintiff did not repudiate or attempt to repudiate the contract that she made with the defendant, but, on the contrary, sought to have this contract sustained. Or, to put it in other words, it is said by counsel that the plaintiff in the first suit relied on an oral contract, while the defendant relied on a written contract, and it was held that as the written contract was procured by fraud the verbal contract was the one the parties really made, and this being so, the plaintiff was entitled to the relief she obtained in the first suit, on the theory that the verbal contract was the real contract between the parties. And now it is said that having established the verbal contract, she has the right in this action to recover damages for a breach of it.

We do not understand how the circumstance that the plaintiff in the first suit succeeded in defeating the contract relied on by the defendant and in setting up in its place the contract as she claimed it, can have the effect of taking the case out of the rule we have stated. There can be no escape from the proposition that the plaintiff in the first suit succeeded in having the contract made with the defendant cancelled and in recovering from it the money she paid and relief from the obligations of the note that she executed. It therefore seems clear that when the judgment granting this relief was rendered, the status of the parties was precisely the same as if no contract had ever been made between them. This being so, it is not a matter of any consequence, so far as the rights of the parties are concerned, that the judgment of cancellation was based on the contract set up by the plaintiff. In any view that may be taken the inevitable effect was to leave both of the par-

ties as if no contract had been entered into between them.

There was of course only one contract, and the only question was whether the contract was as claimed by the plaintiff or as claimed by the defendant. When the court decided that the contract was as stated by the plaintiff, the result of the decision was that the contract as claimed by the defendant never had any existence, and the further result of it was that the only contract that ever existed between the parties was cancelled at the election of the plaintiff. We think the error into which counsel for plaintiff has fallen grows out of the assumption that there were two contracts, one of which was cancelled and the other left in force.

The lower court correctly sustained the demurrer to the petition, and the judgment is affirmed.