J. M. WHITE, Appellant, v. F. C. HARVEY, Appellee.

**ELECTION OF REMEDIES:** Acts Constituting Election—Vendor and Purchaser—Rescission of Contract. A vendee in a contract of sale of real estate who, in an action of specific performance brought by the vendor, asks for and receives a *cancellation* of the contract and judgment for payments and improvements made, thereby makes an irrevocable election of remedies, and may not, subsequently, maintain an action to recover *damages for loss of his bargain.*

**JUDGMENT:** Matters Concluded—Splitting Cause of Action. An adjudication is final and conclusive, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and have had determined as incident to or essentially connected with the subject matter of litigation. So held where a vendee in a contract of sale obtained by reason of the vendor's failure to convey, a judgment for payments made on the contract and for improvements made on the property, and *subsequently,* and in a new action, sought to recover *damages for loss of his bargain.*

**JUDGMENT:** Validity—Burden of Proof—Presumption. He who claims that a judgment is invalid because the entire proceedings were had in vacation has the burden of proof to make such fact affirmatively appear of record. It will be presumed that the judgment was rendered in term time. So held where the record showed an appearance by the defendant and a trial *by the court.*

**EVIDENCE:**   Judicial Notice—Terms of Court—Final Adjournment.
4   This court will not take judicial notice of the time of the final adjournment of a term of the district court.

**JUDGMENT:**   Validity—Estoppel by Accepting Benefits. A judgment plaintiff who has accepted the benefits of the judgment may not thereafter question its regularity.

*Appeal from Greene District Court.*—M. E. HUTCHISON, Judge.

TUESDAY, APRIL 4, 1916.

ACTION at law to recover damages for breach of a contract to sell and convey certain lands. Defendant filed a general denial, and also pleaded a prior judgment as a bar to the proceeding. Plaintiff demurred to that part of the answer pleading the judgment and decree in defense to this action; but the demurrer was overruled, and plaintiff electing to stand thereon, judgment was entered dismissing his petition, and he appeals.—*Affirmed.*

*Henry & Henry,* for appellant.

*Church & McCully,* for appellee.

DEEMER, J.—I. On August 15th, 1913, the parties hereto entered into a written contract whereby the defendant undertook to sell and convey to plaintiff a certain tract of land in Greene County, Iowa, for the agreed consideration of $16,567.20. The contract was to have been performed on March 1, 1914. Defendant agreed to furnish an abstract showing perfect title and to convey the land by warranty deed. When the time came for the delivery of the deed, it was discovered that defendant did not have perfect title, and plaintiff refused to accept such as he (defendant) had. In July of the year 1914, defendant herein commenced a suit against plaintiff to reform a certain deed in his chain of title and to compel specific performance of his contract with plaintiff herein, making the parties to the deed sought to be reformed, the plaintiff herein and other parties, defendants.

Plaintiff herein appeared to that suit and admitted the execution of the contract between him and the defendant herein; pleaded that he had paid $1,200 of the purchase price for the land; and also averred that defendant herein was unable, because of defects in his title, to convey the land as agreed. He also averred that, pursuant to the contract, he had entered into the possession of the land and had expended something like $500 in laying tile drains through and upon the land. He therefore asked that the contract be cancelled, set aside and held for naught; that he have judgment against the plaintiff (defendant herein) for the amount paid on the purchase price, to wit, $1,210, with six per cent. interest from date of contract, and for the value of the tile drains constructed by him on the premises. Plaintiff in that suit (defendant herein) filed a reply denying the allegations of the answer and cross-bill; and on the issues thus joined, the case was tried to the court, resulting in a decree cancelling the contract of sale and denying the specific performance thereof, and awarding to the defendant (plaintiff herein) judgment for the amount of the consideration paid and for the value of the tiling constructed, amounting in the aggregate to $1,787.60 at the time the decree was rendered. No appeal was taken from this decree, and plaintiff has received the amount awarded him.

This action was commenced by plaintiff, the vendee of the land, to recover damages for defendant's failure to comply with the terms of his contract to sell and convey, and the only question presented by the demurrer is his right to recover damages for the loss of his bargain, the land being worth much more on March 1, 1914, than the plaintiff agreed to pay for it. Plaintiff contends that the decree of cancellation and judgment entered in the original case is no bar to his present suit, although the contract was cancelled and set aside in that action and he was awarded a judgment for the amount he had paid for the land and for improvements placed thereon; because, in any event, he is entitled to be made whole and to recover for the loss of his bargain. On the other hand, it is

insisted that plaintiff herein had the right to rely on his contract and sue for the breach thereof, recovering all damages he suffered in consequence of its breach, or to rescind the contract and be placed *in statu quo* by securing the return of the money he had paid, with interest, and being reimbursed for all expenditures incurred; but that he could not do both. It is also claimed for defendant that plaintiff in fact elected to rescind and to recover his damages in the original suit, and that he should have asked in that suit for all the damages to which he believed he was entitled, and that he could not split his causes of action and in one suit recover part of his damages, and in another assert that he suffered still more, which he did not claim in the original suit. As will be observed, the issues are narrow ones and resolve themselves down to simple legal propositions regarding the rights of a vendee under a contract for the purchase of real estate where the vendor is unable or unwilling to comply with the terms of his agreement. It is conceded that there was such a defect in the title to the land that defendant was unable to comply with the terms of his contract, and that this has been conclusively established in the prior action; and the underlying proposition is: What were the rights and remedies of the purchaser when he found that the vendor could not or would not comply with the terms of his agreement?

Of course, a remedy is always available to a party to an executory contract which cannot or should not be enforced, because of illegality, fraud or mistake. This remedy may be rescission, in which event the party without fault may have the contract cancelled on account of the wrong or default of the other, and recover the amount of purchase money paid, with interest; the value of permanent improvements or repairs made by him; and taxes paid, if any. *Bryant's Executor v. Boothe,* 30 Ala. 311; *Coffman v. Huck,* 24 Mo. 496; *Outlaw v. Morris,* 7 Humph. (Tenn.) 262. Or he may have his damages for breach of the

1. ELECTION OF REMEDIES: acts constituting election: vendor and purchaser: rescission of contract.

contract, which may include loss of his bargain; but he cannot have both. *Strong v. Strong* (N. Y.), 5 N. E. 799. The reason for this rule is that the remedies are inconsistent; in the one case the contract is affirmed and damages are asked for its breach; and in the other, it is disaffirmed, rescinded and held for naught, and the parties are simply placed *in statu quo*. *Swayne v. Waldo*, 73 Iowa 749; *Fagan v. Hook*, 134 Iowa 381; 3 Elliott on Contracts, Sec. 2097; *Campbell v. Moorehouse*, 141 Iowa 568; *Bowen v. Mandeville*, 95 N. Y. 237; Bishop on Contracts, Secs. 826-827. One action proceeds on the theory of a tort and the other on breach of contract, and the damages to be awarded are different. In the one case they are governed by the amount stipulated in the contract, and in the other by the difference in the value of the property. *Piersall v. Huber Mfg. Co.* (Ky.), 167 S. W. 144; *Wheeler v. Dunn* (Col.), 22 Pac. 827.

Again, it is a well-settled rule that an injured party can recover but one satisfaction for the injuries he has sustained, no matter how many actions he may be entitled to prosecute for their recovery. In other words, he cannot, if he elects to recover damages, have part of them assessed in one action and the remainder in another; he cannot thus split his causes of action. Furthermore, where the vendor is guilty of no fraud, but had no title and the contract is incapable of performance, the vendee is entitled to the return of the purchase price with interest, and also to be reimbursed for improvements, and this is the extent of his recovery. *Beard v. Delaney*, 35 Iowa 16; *Foley v. McKeegan*, 4 Iowa 1; *Stewart v. Noble*, 1 G. Gr. 26; *Sawyer v. Warner*, 36 Iowa 333. There is no doubt of the right of the defendant in the main suit (plaintiff here), to recoup his damages against the plaintiff therein (defendant here), although the action was in equity for the specific performance of the contract; but if he elected to do this, it was his duty to allege and prove all the damages which he claimed to have suffered, and not leave the matter

2. JUDGMENT: matters concluded: splitting cause of action.

open to a subsequent suit. This is based on the fundamental thought that one cannot split his causes of action, and it matters not that he did not plead the specific items of damage in the former suit. *Smith Lumber Co. v. Sisters of Charity,* 146 Iowa 454; *Hogle v. Smith,* 136 Iowa 32; *Stodghill v. Chicago, B. & Q. R. Co.,* 53 Iowa 341.

II. In order to meet these propositions, which we think are fundamental, plaintiff contends that the judgment in the main case is void and of no effect, because that action was commenced and decided in vacation, and the decree is for that reason extra-judicial. The trouble with this contention is that it does not affirmatively appear of record that all the proceedings were had in vacation or that the decree was without jurisdiction in the court rendering it.

**3. JUDGMENT: validity: burden of proof: presumption.**

It may be that we will take judicial notice of the beginning of all terms of court within the several counties of the state; but we surely do not take judicial notice of when they are closed, nor of the adjournments thereof. The record shows an appearance of the plaintiff herein (defendant in that suit) in open court, a trial therein, and a decree of the court, and not of a judge. Of course, the action may have been commenced either during term time or in vacation, and the only questions which could arise as to a defendant's appearing to the suit were whether he appeared before the judge in vacation, or whether the decree was entered in vacation. The plaintiff must show the affirmative of these propositions, and he has failed to do so. Hence we must presume that the record speaks the truth: that defendant appeared and that the decree was rendered by the court in term time. It may, as we have suggested, have been at an adjourned term of court, and it is not material that the defendant could not have been required to appear at that term, either regular or adjourned. He did appear, and that is an end of the inquiry. *Reed v. Lane,* 96 Iowa 454.

**4. EVIDENCE: judicial notice: terms of court: final adjournment.**

However, the record shows that a decree was rendered on the issues joined, and that plaintiff accepted and received the money awarded him.  So that, even if the decree were unauthorized in the first instance, plaintiff herein (defendant in that suit) is in no position to attack the decree.  *Mohler v. Shank,* 93 Iowa 273; *Sweezey v. Stetson,* 67 Iowa 481.  Again, the record discloses that defendant in the main suit made an election of his rights; that is, his right either to rescind and treat the contract as abrogated, or to maintain it and sue for his damages; and although the case had not yet passed to a proper decree and judgment, he cannot, especially in view of his acceptance of the money from the plaintiff (defendant herein) now change front and ask for damages.  This is squarely ruled by *Harding v. Olson,* 177 Ill. 298, wherein it is said:

5. JUDGMENT: validity: estoppel by accepting benefits.

"The filing of the bill by the appellee was a complete election upon his part to rescind the contract, and conferred upon the appellant the right to relieve himself of all obligations under it by the payment of money, instead of specifically performing it."

On the whole record, the ruling on the demurrer seems to be correct, and the judgment must be and it is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.