EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.

---

EVA CAMPBELL, Appellee, v. M. G. HAGERTY, Appellant.

**VENDOR AND PURCHASER: Right of Vendor—Long-continued Possession by Vendee.** A vendee may not take and *indefinitely* retain possession of the premises and refuse to pay the purchase price on the ground that the contract abstract of title is faulty. In such case, vendee must pay the price and recoup under his warranty, in case of a breach thereof.

*Appeal from Guthrie District Court.*—J. H. APPLEGATE, Judge.

SEPTEMBER 30, 1921.

ACTION at law to recover $2,250, the balance of the purchase price on real estate sold by plaintiff to defendant. Trial to the court without a jury. Judgment for plaintiff for the amount claimed, and that the warranty deed and abstract deposited with

the clerk should be delivered to the defendant.   The defendant appeals.—*Affirmed.*

*Allen T. Percy* and *W. D. Milligan,* for appellant.

*Carl Knox,* for appellee.

PRESTON, J.—The parties entered into a written contract, February 6, 1920, for two lots in the town of Stuart.   By the contract, defendant was to have possession of the property, March 1, 1920.   He did take possession thereof three or four days thereafter, and testifies that he makes no complaint that he was not given possession on the first day of March.   The contract price was $2,750, $500 of which was paid upon the execution of the contract.   The balance was to be paid ''when warranty deed and abstract is furnished showing good clear title and possession is given,'' etc.

The finding of the trial court upon points where there is a dispute in the evidence is conclusive.   The evidence and circumstances shown justified the finding of the trial court that the deed was tendered by plaintiff in time.   Plaintiff also furnished an abstract within the time required, which she claims was such an abstract as required by the contract.   Defendant raised numerous objections thereto, and his contention is that plaintiff did not comply with the contract in this respect.   This is the principal point relied upon by appellant: in fact, his counsel stated in oral argument that he would stand or fall upon this proposition.

Appellee contends, and the trial court found, that the abstract did comply with the contract.   Appellee further contends that defendant, having taken possession of the property under the contract, and having retained possession thereof, has accepted the title which plaintiff has; and that he may not indefinitely hold possession of the property and refuse to pay the balance of the purchase price.   We think the case turns on the last proposition, and we shall not, therefore, go into details as to appellant's objections to the abstract.

When the controversy over the abstract arose, and soon after March 1st, and before this suit was brought, plaintiff in writing

stated to defendant that she had been and was then ready to settle the matter according to the contract; that she demanded payment of the balance; and that, if it were not paid, suit would be brought. In the same paper she offered to return the $500 paid, and to permit defendant to cancel the contract and surrender possession of the property to her. This offer was not accepted by defendant, and he still retains possession, and refuses to pay the balance of the purchase price. Appellant states in argument that to cancel the contract would please plaintiff too well, and that he wants the property.

1. As said, we shall not take up separately or go into details as to the different objections. Some of them have been met, others have been cured by curative acts of the legislature, other defects are nearly 40 years old, and so on. Some of the objections may not be wholly technical; but the trial court held that, taking into consideration the circumstances before mentioned, and proper presumptions and inferences, there was a compliance with the contract as to the abstract. In this we concur. Some of the objections are technical and without merit. But in any event, under the record, defendant may not complain, because of his attitude in regard to possession of the property.

2. Appellee argues that, if defendant is permitted to retain possession indefinitely, without paying the balance of the purchase price, he still has the balance of the purchase money, $2,250, which, at 6 per cent interest, would earn $135 a year, and, in addition, has the use of the property, the rental of which, with the interest, would make defendant a double income, upon the payment of only $500; and further, that, by taking and holding possession, he thereby accepts such title as plaintiff has; and that his remedy is upon the warranty, if hereafter he is damaged by a breach thereof. It may be that none of the parties who, appellant alleges, have an interest in the property or lien thereon will ever make a claim, and in that case defendant would suffer no injury. *Anderson v. Kyle,* 126 Iowa 666. In *Hounchin v. Salyards,* 155 Iowa 608, 615, we said, in effect, that, under circumstances such as are shown in this case, defendant may not take and retain possession, and refuse to pay the purchase price; and that defendant's remedy,

if plaintiff's title fails, or if he is unable to make conveyance as stipulated, is to rescind the contract, or offer to, and restore the possession; that, if he does not do so, but retains possession, he may do so only upon condition that he pays the purchase money; that it is considered that he is willing to receive such title as the vendor is able to give, and is content with the personal responsibility of the vendor upon the covenants, in case the title actually fails and the vendee is afterwards dispossessed.

Other cases are cited and other propositions suggested in argument, but it seems to us that the proposition just stated is determinative of the case. The judgment is—*Affirmed.*

EVANS, C. J., WEAVER and DE GRAFF, JJ., concur.