Phil Lahner et al., Appellees, v. J. G. Schaum, Appellant.

**VENDOR AND PURCHASER:** Right of Vendor—Demanding Purchase
1 Price to Perfect Title. A vendor may not, *in the absence of a contract giving him such right,* demand, on the day of settlement, that the purchaser pay over the contract price in order to enable the vendor to clear the property of liens and incumbrances and to furnish the purchaser the grade of title agreed upon.

APPEAL AND ERROR: Harmless Error—Nonchange in Result of
2 Trial. It is quite useless for the appellate court to pass upon ob-
jections to the reception and rejection of testimony when the rec-
ord demonstrates that the result of the trial *would have been the
same,* had the rulings been in accord with the contention of appellant.

VENDOR AND PURCHASER: Rights of Purchaser—Recovery of Ad-
3 vance Payments. A purchaser who is not in default may recover
from a vendor who is in default, advance payments made on the
purchase price.

*Appeal from Fayette District Court.*—H. E. TAYLOR, Judge.

DECEMBER 11, 1924.

ACTION at law by vendees, to recover from the vendors a
portion of the purchase price paid on a contract for the pur-
chase of land, the action being predicated on the failure of the
vendors to deliver title as required by the contract. At the
close of the evidence, the court directed a verdict in favor of
the plaintiffs for the amount paid, and rendered judgment de-
nying the defendant relief on his counterclaim for the amount
unpaid on the purchase price.—*Affirmed.*

*John M. Redmond,* for appellant.

*E. H. Estey* and *M. E. Geiser,* for appellees.

FAVILLE, J.—On March 26, 1920, appellees entered into a
written contract with appellant and one McHugh, whereby ap-
pellees agreed to purchase a certain tract of land from appellant
and said McHugh, the contract providing the
manner in which the payments were to be made,
and that an abstract should be delivered by the
vendors for examination about January 1, 1921,
and deed be given and settlement made on March 1, 1921. At
the time of the signing of the contract, appellees paid to the
vendors $2,000 in cash, and gave a note of $3,000. The title to
the premises was not then in the vendors, and it appears from
the record that at no time was the title vested in them. It ap-
pears that the abstract which was required to be furnished un-

1. VENDOR AND
PURCHASER:
right of vendor:
demanding pur-
chase price to
perfect title.

der the contract, was furnished to appellees and submitted to their attorney, who, in February, rendered an opinion pointing out certain defects therein. At that time the abstract showed mortgage incumbrances on the premises greatly in excess of the amount which appellees agreed to assume, under the contract. There were also tax liens outstanding, and a pending action brought by the wife of McHugh, claiming a lien against said land.

In a general way, this was the condition of the title at the time the parties came together for settlement, on March 1, 1921. Appellees contend that at said time they were ready, willing, and able to perform the contract on their part, and to make full and complete settlement according to its terms and provisions; that they were prepared to pay the balance of the purchase price, and had drafts with them for that purpose, and were insisting that the vendors should fully comply with the terms and provisions of the contract on their part; and that the vendors were unable to do so, and did not tender performance on their part, and were unable to tender full performance on their part. No settlement was effectuated, and thereafter, appellees brought this suit, to recover the purchase price paid in cash and by promissory note.

The vendor McHugh was originally made a party to the action, but the suit was dismissed as to him.

A careful examination of the record in the case satisfies us that, at the date set for settlement under the contract, appellant was not in a position to perform the contract according to its terms and conditions. Appellant did not, and at that time could not, furnish an abstract showing good title, subject only to the incumbrances specified in the contract. The objections that had been urged to the title had not been corrected. The incumbrances shown upon the land at that time were some $24,500 in excess of the amount which was to be assumed under the terms of the contract; and aside from this, there were tax liens and a pending suit against the land. By the terms of the contract, appellant agreed to furnish an abstract showing good title to the land. This was a condition precedent to payment by the vendees. The duty rested upon appellant, as vendor, to tender an abstract, as required by the contract, before he could

insist upon payment by the vendees. *Spooner v. Cross,* 127 Iowa 259.

Appellant contends that, at the date of the settlement, he proposed to use the purchase money due from the vendees on said date, for the purpose of reducing the liens on the premises to the amount provided for in the contract. There was no provision in the contract requiring anything of the kind. Appellees were not required to pay the purchase money to appellant, to be used by him for the purpose of thereafter reducing the liens to the amount specified in the contract. Appellant was required to put himself in a position to perform the contract on his part, before he could put appellees in default. Appellees were not required to pay their money to appellant and take their chances on the title's being put in proper condition, under the contract. *Webb v. Hancher,* 127 Iowa 269.

There was also evidence to the effect that appellant was in default and unable to perform the contract in other regards.

Appellant assigns twenty-nine errors for reversal in rulings of the court upon the admission and exclusion of testimony. In view of the fact that the trial court directed a verdict in behalf of appellees, we have examined this evidence, and are satisfied therefrom that, had the court ruled in a different manner as to each of the rulings that are challenged, the same would not have affected the ultimate result in the case. In other words, the court would, in any event, have been compelled to direct a verdict in behalf of appellees; and, had each of the rulings on the evidence been otherwise than they were, the result would have been the same.

2. APPEAL AND ERROR: harmless error: nonchange in result of trial.

The case presents a situation where, at the time of the settlement, the vendors were in default, and could not perform the terms and conditions of the contract on their part. They had not furnished an abstract showing the premises subject only to the incumbrances specified in the contract. The contract required that, at the time of the settlement, the buildings on the premises should be in as good repair as at the time the contract was entered into, except natural wear; and it appeared that the vendors were in default in regard to this, especially in respect

3. VENDOR AND PURCHASER: rights of purchaser: recovery of advance payments.

to a silo that had been destroyed. The contract further required the vendors to convey by warranty deed; and the title never was vested in the vendors, and at the date of settlement the vendors were not in a position to convey title to the vendees.

We are satisfied, from an examination of the record, that appellant could not, and did not, tender performance of the contract on his part at the time fixed for settlement, and that he was clearly in default. We are also satisfied that appellees were not in default at said time, and were ready and in a position to perform upon their part. Under such circumstances, appellant not having performed and not having tendered performance, and not being in a position to perform, appellees were entitled to at least a restoration of the *status quo* and a return to them of the purchase money they had paid.

The trial court did not err in directing a verdict in behalf of appellees for the amount of the purchase price so paid, and in denying appellant relief on his counterclaim.

We find no error on the part of the trial court, and the judgment appealed from is, therefore,—*Affirmed.*

ARTHUR, C. J., and EVANS and PRESTON, JJ., concur.