LOUIE F. MESSENBRINK, Appellee, v. H. T. BLIESMAN, Appellant, et al., Appellees.

**VENDOR AND PURCHASER:** Rescission—Essential Requirements. A
1   vendee may not rescind a contract of sale of land and recover the payments made when he not only fails to tender performance, but is unable to perform, and makes no effort to restore the status quo.

**VENDOR AND PURCHASER:** Rescission—Untenable Grounds. A
2   vendee of land may not rescind on the ground that the abstract of title is defective when the defects arise from judgments rendered against himself.

Headnote 1:  39 Cyc. pp. 1422, 1423, 2047, 2051.   Headnote 2:  39 Cyc. pp. 1432, 1517.

Headnote 1:  27 R. C. L. pp. 652, 653.

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

SEPTEMBER 20, 1927.

Action to foreclose a land contract. Defendant asks rescission, and to recover the amount paid. Decree for plaintiff, and Bliesman appeals.—*Affirmed.*

*T. V. Walker, Andrew Bell,* and *Salinger, Reynolds & Meyers,* for appellant.

*Sims & Page,* for appellee.

ALBERT, J.—On the 24th day of March, 1920, H. P. Messenbrink, being then the owner of the 160 acres of land in controversy, entered into a written contract to sell the same to H.

1. VENDOR AND
PURCHASER: re-
scission: essen-
tial require-
ments.

T. Bliesman, who used the name of his brother as the ostensible purchaser. Under the terms of this contract, certain payments were to be made, the purchaser to assume and pay certain incumbrances and taxes. Bliesman failed to pay the taxes and the interest due on the mortgages, and H. P. Messenbrink importuned his father, Louie F. Messenbrink, to relieve him of the situation. Louie F. Messenbrink paid the interest and taxes, and H. P. assigned this contract and conveyed the land in controversy to Louie F. Messenbrink, plaintiff herein. Later, there were certain payments made on the land through litigation involving securities deposited in the Kuehnle and Voss Bank of Denison, and in that litigation it was determined that H. T. Bliesman was the actual purchaser and vendee under this contract. At the time the above litigation with the bank was disposed of, a supplemental or additional contract was made, by which the purchase price was reduced $1,000. Arrangements were made by which Bliesman was to make a loan on this property, to close the deal. A question arose as to whether the abstract showed a good title, and this action was commenced, to foreclose the contract. The action was pending for some time, and finally, by a stipulation between the parties, Bliesman conveyed all his interest in the land to Louie F. Messenbrink, in settlement of the differences between them growing out of these contracts. The defendant Bliesman then amended his pleadings, claiming that the contract was rescinded, and asked to recover what he had paid under the contracts.

The original cause of action being in equity, under the prayer of the petition filed, the whole matter was settled by the reconveyance of Bliesman to Messenbrink. The only thing left in the litigation, therefore, was the claim of Bliesman of rescission, and to recover what he has paid under the contract. We

are satisfied from the evidence and the record in the case that, when this conveyance was made by Bliesman to Messenbrink, it was understood to be a full and final settlement of all matters between them.    Further than this, however, Bliesman is in no position to claim a rescission of the contract, because he at no time tendered performance, nor was he in a position to perform; and he did not offer to turn back the possession of the farm, or to recompense the plaintiff for what he had paid out by way of interest and taxes.    Of course, if Bliesman never rescinded the contract, and never was in a position to rescind, he has no right of action to recover the amount paid by him under the contract.    He does not base this claim on any false or fraudulent representations whatever, or fraud in any way connected with the contract, but seeks to claim a right of rescission on the ground that there were certain defects in the title that warranted him in rescinding.

In the first place, the time had not arrived, under the terms of the contract, when Bliesman was entitled to demand an abstract.    Further than this, Bliesman's claim is that, because of certain defects in the abstract, he was unable to make a loan, and thus was prevented from carrying out his part of the contract.    The only serious defects in the abstract which could in any way prevent his making a loan were certain judgments that appeared on the abstract, that had been entered against Bliesman himself.    This being the situation, it does not lie with him to complain about these defects in the abstract.    It has been well settled law in this state for many years that he who seeks to rescind a contract must tender back the advantages which he has received, and restore the *status quo.*    This was originally announced in the case of *Penny v. Cameron,* 1 G. Greene 380, and has been followed by this court consistently in many cases decided since that time.    It is apparent, therefore, that Bliesman never did tender back the consideration received by him, nor did he ever restore the *status quo,* or attempt to do either; and further, the record does show that he never was in a position to do either.

2. VENDOR AND PURCHASER: rescission: untenable grounds.

We are satisfied that the adjustment that was made between these parties when the land was reconveyed by Bliesman to Messenbrink was a full settlement and adjustment between them of all of the differences growing out of these land con-

tracts, and the same was a full and final settlement between them. This was the conclusion and holding of the district court, and with it we agree.—*Affirmed.*

EVANS, C. J., and DE GRAFF, MORLING, and KINDIG, JJ., concur.