FRANK H. WEECH, Appellee, v. ELBERT A. READ, Appellant.

No. 39671.

SEPTEMBER 24, 1929.

*Keenan, Barnes & Clovis*, for appellant.

*Ferguson & Ferguson*, for appellee.

MORLING, J.—The parties are in dispute whether the action is to recover for fraud and deceit in representing that defendant had title, or whether the action is on the contract. Plaintiff argues that the action is "for the recovery of damages due to the breach of contract on the part of the vendor in failing to carry out the provisions of the contract for the sale of real estate, after the full purchase price therefor had been paid." As the judgment must be reversed, and, if the case is retried, it may be upon amended pleadings, we may assume that the action is on the contract.

On July 31, 1920, the parties made a written agreement, by which the defendant agreed to sell the land in controversy (some 16 acres) to plaintiff; to convey in fee simple, clear of incum-

brances; to give possession March 1, 1921; to furnish abstract showing good title. Plaintiff had the right to give mortgage for the deferred payments, but, instead of doing so, made payments from the date of the contract to March 1, 1925, when the balance of the price was paid in full. Plaintiff was given possession according to the contract, and has always remained in possession. He made improvements, and was permitted, over objection, to introduce evidence, not as to the value of the improvements or the enhancement of the value of the land thereby, but as to the cost. He demanded of defendant, but has not received, conveyance. Plaintiff alleges, and defendant admits, that the legal title is in E. D. Priest, or his estate. Plaintiff has never attempted rescission, or offered to restore the possession to defendant or to restore the *status quo.* He is, as has been said, standing on the contract. Plaintiff has never been disturbed in his possession or threatened with dispossession. Defendant offered to prove a contract between Priest and wife and defendant, made in 1919, by which the Priests agreed to convey the land to defendant, and by which they were to give possession March 1, 1920. Defendant also offered to prove that he had paid the full purchase price under this contract. These offers were rejected. (By the decree the contract was admitted.) The court, apparently on motion for directed verdict, entered judgment for the full consideration paid by plaintiff and for the cost of the improvements made by plaintiff, saying in the decree:

"The defendant having maintained the plaintiff in possession of said real estate since March 1, 1921, the plaintiff should account to the defendant for the fair rental value of said real estate during the time plaintiff so occupied it; that in this action the defendant makes no claim for said rental, and there being no evidence as to the value thereof, the court does not make any allowance for said rental herein, and the judgment herein entered against the defendant is without prejudice to the right of the defendant to maintain an action against the plaintiff for the accounting for such rental."

It is the law of this jurisdiction, in harmony with sound principle, elemental justice, and authority elsewhere, that a vendee in undisturbed possession of the bargained premises under his contract, who has not been actually or constructively

evicted, who has not offered and does not seek to rescind or to restore the *status quo,* may not recover the contract price paid, because of defective title of the vendor. *Hounchin v. Salyards,* 155 Iowa 608; *Kretzinger v. Emering,* 169 Iowa 59; *McNair v. Sockriter,* 199 Iowa 1176, 1184, 1186; *Richardson v. Short,* 201 Iowa 561; *Campbell v. Hagerty,* 191 Iowa 1265; *Messenbrink v. Bliesman,* 204 Iowa 223; 39 Cyc. 2051 *et seq.*; *Nolde v. Gray,* 73 Neb. 373 (104 N. W. 165); *Beekhuis v. Palen,* 76 Cal. App. 680 (245 Pac. 795). The cases relied on by plaintiff are in no wise in conflict with this rule. *Webb v. Hancher,* 127 Iowa 269; *Stewart v. Noble,* 1 G. Greene (Iowa) 26; *Foley v. McKeegan,* 4 Iowa (Clarke) 1; *Brandt v. Foster,* 5 Iowa 287; *Beard v. Delaney,* 35 Iowa 16; *Seitsema v. Anderson,* 188 Iowa 651; *Lahner v. Schaum,* 198 Iowa 1388; *Eversole v. Early,* 80 Iowa 601; *Sturgis v. Slocum,* 140 Iowa 25; *Rockafellor v. Gray,* 194 Iowa 1280.

On the admitted evidence and defendant's proffered showing, plaintiff has had, and still has, the full enjoyment of the premises bargained for, has never been evicted or threatened with eviction, is adhering to the contract and to all the rights in the subject-matter which the contract purports to give, has the equitable title, and has been damaged, at most, to the extent of the cost of a suit to quiet title or its equivalent, the amount of which is not shown. In short, plaintiff has the land and all the improvements he has made upon it. He is given by the decree the right to retain all these, is under no liability to refund what he has paid, and yet he has here a judgment against his vendor for the return of the purchase price paid, with interest, and the cost of the improvements, with interest,—a total of $7,205.40, besides interest,—subject to a reservation to the vendor of the privilege of suing for an accounting for the rental value.—*Reversed.*

ALBERT, C. J., and FAVILLE, DE GRAFF, and WAGNER, JJ., concur.

STEVENS, J., not participating.