GEORGE COWEN, DEFENDANT IN ERROR, v. SAMUEL BLOOMBERG, PLAINTIFF IN ERROR.

66   385
s69   463

Submitted March 25, 1901—Decided June 10, 1901.

1. If a person has through fraud bought goods on credit, giving only his notes for the price, and then has transferred the goods to a third party, it is not necessary for the vendor, in attempting to rescind the sale on account of the fraud, to tender a return of the notes before bringing trover or replevin against the transferee, provided the vendor holds the notes when he attempts to rescind, and produces them in court at the trial for cancellation.
2. A copy of a report in the books of Dun's Commercial Agency is not competent evidence of the statements on which the report was based.
3. If the defendant in replevin give bond under section 10 of the Replevin act to retain possession of the goods, and the plaintiff recover in the suit, the jury can award him only the value of the goods so replevined and damages, not the value of all the goods described in the writ.

On error to the Hudson Circuit.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, COLLINS and HENDRICKSON.

For the plaintiff, *Elgin L. McBurney.*

For the defendant, *James F. Minturn.*

The opinion of the court was delivered by

DIXON, J.   On November 10th, 1898, the plaintiff sold and delivered to Jacob Casper a lot of glass, receiving therefor three promissory notes, made by Casper, payable "24 after date," two months after date, and three months after date. On December 10th, 1898, the glass, or part of it, was levied upon by the sheriff of Hudson county, by virtue of an execution against Casper in favor of the defendant, and on December 20th, 1898, the sheriff sold it to the defendant. On the next day the plaintiff served on Casper and the defendant

notice that he rescinded the sale of November 10th, because it had been induced by Casper's fraud, and therefore he demanded return of the glass. This demand not being complied with, the plaintiff, early in January, 1899, brought an action of replevin for the goods, and the defendant having given bond to retain possession, under section 10 of the Replevin act, the plaintiff obtained judgment for the value of all the goods that he had sold to Casper and interest. The defendant thereupon sued out this writ of error.

One assignment of error goes to the root of the action, viz., that the failure of the plaintiff to tender the return of the notes thwarted his attempt to rescind the sale. On this ground a nonsuit was asked and refused and an exception taken.

The general rule undoubtedly is that when a person defrauded in a bargain means to rescind the contract, he cannot effect the rescission so long as he declines to surrender anything received under the contract, which he might return, and the withholding of which might be injurious to the other party. *Byard* v. *Holmes*, 4 *Vroom* 119; *Pidcock* v. *Swift*, 6 *Dick. Ch. Rep.* 405; *S. C.*, 8 *Id.* 238. But in *Stevens* v. *Austin*, 1 *Metc.* 557, it was held that such a tender was not necessary as a condition precedent to a suit based on the rescission of a contract, when the defendant in the suit was not the person to whom tender ought to be made; and in several jurisdictions the courts have decided that, if the vendor in a sale has received only the promissory notes of the vendee, he may rescind the sale and bring trover or replevin for the goods sold, without tendering return of the notes, provided he still holds the notes and produces them ready for cancellation at the trial. *Thurston* v. *Blanchard*, 22 *Pick.* 18; *Nichols* v. *Michael*, 23 *N. Y.* 264; *Coghill* v. *Boring*, 15 *Cal.* 213. This doctrine, however, does not always meet with judicial acquiescence. *Doane* v. *Lockwood*, 115 *Ill.* 490; *Thompson* v. *Peck*, 115 *Ind.* 512.

In the present case the evidence left it uncertain whether the plaintiff held the notes when he gave notice to rescind, but he offered them at the trial for cancellation. On this

ground we think the motion to nonsuit was rightly over-ruled. If a vendor, attempting to rescind the sale, holds the vendee's notes for the price, he should not be required to surrender the notes, unless he can surely effect the rescission. If the vendee still has title to the goods, his acceptance of the notes, tendered for the purpose of rescission, will perfect the revesting of title in the vendor. But if the vendee has transferred the title to a third person, the vendee's acceptance of the notes may not have that effect; it may still remain for the vendor to prove a right to rescind against the trans-feree. In such cases it does not seem just to require the vendor to surrender the notes, while his title to the goods is in dispute. On the other hand, his retention of the notes can work no injustice; for if he should negotiate them pending suit, that would, of course, end his claim of title; and if he brings them into court at the trial, a surrender can be en-forced as a condition of judgment in his favor. For these reasons we approve the doctrine above stated, and therefore sustain the refusal to nonsuit.

At the trial the plaintiff, in order to prove the falsity of the representations by which Casper had induced him to sell the goods on credit, offered a copy of a report which Dun's Commercial Agency had made on the strength of what Casper had, on December 3d, 1898, stated, verbally, to one of the agency's reporters. This was objected to by the defendant as incompetent, but was admitted and exception taken. The reception of this evidence was plainly erroneous. Even if Casper's statements were admissible against the defendant, they should have been proved, by examining as a witness the reporter to whom they were uttered. The writing received was mere hearsay.

Another exception was sealed to the charge of the court, that, if the jury found for the plaintiff, they should award him the value of the goods purchased on November 10th and interest.

The evidence on both sides indicated that only a portion of those goods was in the possession of the defendant when the writ of replevin was issued, and according to section 10

of the Replevin act, only the value of such portion and damages could be awarded in a verdict for the plaintiff.

For these errors the judgment must be reversed, and a *venire de novo* issued.