GEORGE COWEN, TRADING, &c., DEFENDANT IN ERROR, v. SAMUEL BLOOMBERG, PLAINTIFF IN ERROR.

Submitted December 8, 1902—Decided June 8, 1903.

C. obtained of G. C. certain glass upon fraudulent representations as to his financial condition. G. C. rescinded the contract, and brought his action of replevin against B., who had purchased the glass under a sheriff sale on a judgment entered by default against C. in favor of B. The judgment was founded upon promissory notes made by C. to B. for an indebtedness incurred before the sale, and alleged to have been for the labor and services of B. to C. and for money loaned by B. to C. *Held*—

(1) That a representative of Dun's Commercial Agency could testify to the statements made to him by C., and which had been communicated to G. C., through the agency, prior to the sale to C.

(2) That it was permissible to prove judgments of record against C. at the time of the purchase of G. C., to establish the falsity of his statements to G. C. as to his solvency.

(3) That B. having testified, on his direct examination, to the recovery of his judgment against C., and to the bill of sale given to him by the sheriff for the glass, after the alleged sale under the execution issued upon the judgment of B. against C., that it was permissible, upon the cross-examination of B., to inquire into his whole conduct as to the judgment, the sale and the debt for which the notes were given. This was not an attack upon the judgment collaterally; it was admissible to lay bare the whole plan or scheme of C. and B. to cheat G. C. out of his property.

On error to Hudson County Circuit.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff in error, *James F. Minturn.*

For the defendant in error, *McBurney & McBurney.*

The opinion of the court was delivered by

FORT, J. There are several exceptions in the record upon which error has been assigned, but most of them are without substance, and need no consideration.

This is an action of replevin in which the plaintiff declares for certain glass, itemizing it.

The defendant pleads three pleas—

*First.* He did not take the glass.

*Second.* That Casper purchased the glass of the plaintiff and had possession thereof for his own use, and that afterwards the defendant recovered a judgment in the Hudson Circuit Court against Casper, and the sheriff sold the glass under that judgment to the defendant, giving him a bill of sale therefor.

*Third.* That the glass was not the glass of the plaintiff at the time of issuing the writ of replevin.

The plaintiff replies alleging fraud in the purchase by Casper and knowledge thereof in the defendant; that plaintiff rescinded the contract as soon as he discovered the fraud; that the judgment of the defendant against Casper, under which the glass was sold, was one obtained by collusion, after knowledge by the defendant of the fraud and rescission; that both Casper and the defendant knew of Casper's insolvency when the goods were purchased.

To prove the fraudulent representations of Casper in the purchase the court permitted evidence of the statements of Casper made to a representative of the Dun Commercial Agency just before the time of the sale of the glass by plaintiff to him. This evidence, as offered, was undoubtedly competent. It was not an attempt to offer a report made to the agency, as in *Cowen* v. *Bloomberg*, 37 *Vroom* 385, but it was proof of the declarations of Casper by the man to whom they had been made.

Another assignment was that the records of judgments entered against Casper prior to the time of the sale were improperly admitted in evidence. We think these judgments were admissible after the proof of Casper's representations as to his financial condition, which were at variance with the fact of the existence of the judgments. *Wilson* v. *White*, 80 *N. C.* 280.

The defendant was a witness, and, upon cross-examination, he was asked about the good faith of his judgment against

Casper. This was objected to as impeaching the judgment in a collateral proceeding. On the direct examination the defendant ·had testified to securing the judgment and the sale under it, and the bill of sale from the sheriff. The cross-examination was proper. The allegation of the replication was fraud. The whole conduct of the defendant was open to inquiry after he justified under the sheriff sale. It was a part of the facts and circumstances from which the jury might determine .whether the defendant was in conspiracy with Casper, and not only familiar with the fraud of Casper in the purchase, but was engaged with Casper in a further attempt at defrauding the plaintiff by conspiracy with him to obtain a fraudulent judgment against Casper, and a fraudulent sale thereunder, to cheat the plaintiff out of his property. This cross-examination was not an attack upon the judgment collaterally. It was the developing of the whole plan or scheme of fraud between Casper and the defendant to cheat the plaintiff. *Shinn Repl.,* § 465, *note at p.* 429.

We think, also, that the court rightly refused to direct a verdict for the ·defendant, because the evidence of identification of the glass replevied as the glass of the plaintiff was insufficient. The second plea of the defendant admitted the glass in the plaintiff's declaration to have been purchased by Casper from the plaintiff. There was also evidence of identification which made it a question for the jury.

There is no error, and the judgment of the Hudson County Circuit Court is affirmed.