[Sac. No. 2462.   Department Two.—December 14, 1917.]

## LIZZIE M. FAIRCHILD, Appellant, v. WESTERN SE-CURITIES CORPORATION (a Corporation), et al., Respondents.

APPEAL—PLEADINGS—HARMLESS ORDER—STRIKING OUT PARTS OF COM-PLAINT.—Granting a motion to strike out parts of a complaint is harmless where the complaint, had the motion been denied, would nevertheless have been bad on a general demurrer interposed.

RESCISSION—PLEADING—COMPLAINT—DEFECTIVE ALLEGATION OF OFFER TO RESTORE.—Under subdivision 2 of section 1691 of the Civil Code, providing that a party seeking rescission "must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same, upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so," a demurrer to a complaint in an action for rescission of a purchase of shares of stock and recovery of the purchase price is properly sustained where the complaint failed to show the stock to be worthless or that plaintiff had offered before suit to return it upon condition that the defendants repay the five hundred dollars, which plaintiff had received therefor, thus affording the defendants an opportunity to join in the rescission before suit.

APPEAL from a judgment of the Superior Court of Sacramento County.   Charles O. Busick, Judge.

The facts are stated in the opinion of the court.

L. T. Hatfield, for Appellant.

Dunn & Brand, W. E. Kleinsorge, and C. A. Tuttle, for Respondents.

VICTOR E. SHAW, J., *pro tem.*—In this action plaintiff sought a rescission of sale of 250 shares of its capital stock made to her by the California Guarantee Life and Accident Insurance Company and the recovery of five hundred dollars paid as consideration for the purchase thereof.

As appears from the bill of exceptions, motions made by defendants California Guarantee Life and Accident Insurance Company and J. W. Carmichael for an order of court striking out certain portions of the first amended complaint and substantially all of a supplemental complaint filed by

leave of court were granted. Thereafter plaintiff filed an engrossed copy of the first amended complaint omitting therefrom the portions so stricken out by order of court, to which said defendants interposed a demurrer upon both general and special grounds. The court by an order in general terms sustained the demurrer as to each defendant, and plaintiff was granted twenty days in which to amend her complaint. At the expiration of the time so granted, plaintiff having failed to exercise her right to file an amended complaint, a judgment dismissing the action as to said defendants California Guarantee Life and Accident Insurance Company and D. W. Carmichael was entered, from which plaintiff prosecutes this appeal.

As we view the case, it is unnecessary to consider the alleged error predicated upon the ruling of the court in granting the motion to strike. This for the reason that had the motions been denied, the complaint would nevertheless be obnoxious to the general demurrer interposed.

The ground of rescission was on account of the alleged false and fraudulent representations as to material facts made by defendants to plaintiff, by reason whereof she was induced to pay them five hundred dollars, in consideration of which they sold and delivered to her a certificate for 250 shares of the capital stock of the California Guarantee Life and Accident Insurance Company, which shares of stock at the time of filing the complaint she retained in her possession. Not only is there a failure on the part of plaintiff to aver that the stock so held by her was of no value, but, on the contrary, the allegations of the complaint, indicating as they do that the stock has a substantial value, are wholly inconsistent therewith. Subdivision 2, section 1691, of the Civil Code provides that when not effected by consent, the parties seeking a rescission "must restore to the other party everything of value which he has received from him under the contract; or must offer to restore the same upon condition that such party shall do likewise, unless the latter is unable or positively refuses to do so." In the absence of any averment showing the stock to be worthless or that defendants were unable to or had upon tender thereof refused to return the five hundred dollars so received by them as the purchase price therefor, and there are none, an allegation showing compliance with this provision of the statute was an essential

prerequisite to a statement of a cause of action for rescission against defendants or either of them.

The complaint contains a statement that "plaintiff comes now and tenders return of the certificates for 250 shares of the stock issued to her . . . and consents to the cancellation of all agreements and obligations created or intended to be created hereunder." Counsel for appellant insists that this allegation is a sufficient showing of compliance with the statute, in support of which he cites authorities from this and other jurisdictions involving cases where the plaintiff holding promissory notes of the defendant sought rescission without offering to return the same. Such cases, as pointed out in *Kelley* v. *Owens,* 120 Cal. 502, [47 Pac. 369, 52 Pac. 797], *Cowen* v. *Bloomberg,* 66 N. J. L. 386, [49 Atl. 451], and *Coghill* v. *Boring,* 15 Cal. 218, are inapplicable to cases of this character. In this case the stock was of substantial value, and in the absence of anything pleaded excusing plaintiff from so doing, it was her duty, upon declaring that it was not her property, to restore or offer to restore it to defendants upon condition that they repay to her the five hundred dollars so paid therefor, thus prior to bringing suit affording them an opportunity to join in the act of rescission. That under the circumstances shown to exist she was not entitled to a decree declaring the sale rescinded is supported by *Gifford* v. *Carvill,* 29 Cal. 589; *Herman* v. *Haffenegger,* 54 Cal. 161; *Collins* v. *Townsend,* 58 Cal. 608; *Kelley* v. *Owens, supra; Buena Vista Fruit etc. Co.* v. *Tuohy,* 107 Cal. 243, [40 Pac. 386]; *Loaiza* v. *Superior Court,* 85 Cal. 31, [20 Am. St. Rep. 197, 9 L. R. A. 376, 24 Pac. 707]; *Hammond* v. *Wallace,* 85 Cal. 531, [20 Am. St. Rep. 239, 24 Pac. 837]; *Burton* v. *Stewart,* 3 Wend. (N. Y.) 239, [20 Am. Dec. 692], in some of which cases the facts were almost identical with those here involved.

The judgment is affirmed.

Melvin, J., and Henshaw, J., concurred.

Hearing in Bank denied.