[Civ. No. 3590.  Second Appellate District, Division One.—April 11, 1922.]

## DELTA LAND AND WATER COMPANY (a Corporation), Appellant, v. HARRY F. PERRY et al., Respondents.

[1] PLEADING — SUFFICIENCY OF CROSS-COMPLAINT — WAIVER OF OBJECTION—EVIDENCE.—While a cross-complaint must in itself state facts sufficient to entitle the pleader to affirmative relief and is not aided by averments in other pleadings, where the parties without objection to the pleading assume the issue to be properly presented and make no objection to evidence touching the same, they are in no position on appeal to complain of such defect.

[2] FRAUD — PURCHASE OF LAND — NEW CONTRACT — KNOWLEDGE — WAIVER.—The right to rescind a contract for the purchase of land on account of fraud is not waived by the vendees by the making of a new contract where, at the time of making such new contract, they have no knowledge of the fraud by which they were induced to enter into the original contract.

[3] ID. — NOTICE OF RESCISSION — SUBSEQUENT PAYMENT OF ASSESSMENTS ON STOCK.—Where the vendees under a contract for the sale of land and water stock appurtenant thereto, after serving notice of rescission of the contract on account of fraud and after the vendor has refused to accept a return of the property, pay two assessments upon the water stock to prevent a sale of the stock for nonpayment, and thus preserve the property to its rightful owner, the making of such payments does not affect their rights under the notice of rescission.

[4] ID. — INADEQUACY OF WATER SUPPLY — ERRONEOUS ADMISSION OF EVIDENCE—LACK OF PREJUDICE.—In view of the overwhelming evidence in support of the conclusion of the trial court that the supply of water was inadequate to irrigate the lands contracted to be sold to defendants, plaintiff was not prejudiced by the error of the trial court in admitting in evidence, over plaintiff's objection, a document signed by a number of farmers who had purchased lands in the project, wherein attention of plaintiff was called to the fact that the two preceding years had demonstrated that there was not more than half enough water available to irrigate the lands in the project and a means of increasing the supply was suggested.

[5] ID. — PROMPT NOTICE OF RESCISSION — INSTITUTION OF ACTION — LACHES.—The vendees, having given notice of rescission promptly upon discovering the fraud and tendered back and offered to relinquish and return to the vendor everything of value received from it, were not required to institute an immediate action to enforce

the rescission, but might, as they did, await some affirmative action on the part of the vendor and then in that action set up the facts upon which they based their right to relief.

APPEAL from a judgment of the Superior Court of Los Angeles County.  Frank R. Willis, Judge.  Affirmed.

The facts are stated in the opinion of the court and in *Scott* v. *Delta Land & Water Co., post,* p. 320.

William Story, Jr., Lissner & Lewinsohn and Lewinsohn & Barnhill for Appellant.

L. M. Fall, Dudley W. Robinson and Hickcox & Crenshaw for Respondents.

SHAW, J.—In this action plaintiff sought the foreclosure of a mortgage given by defendants to secure the payment of their promissory note in the sum of $2,400.  By answer, defendants admitted the execution and delivery of the note and mortgage, but, as a defense to the cause of action, alleged the same was procured by false and fraudulent representations made by plaintiff and its agents, whereby defendants in reliance thereon were induced to buy from plaintiff certain arid land and right to water for irrigating the same, which right was evidenced by shares of stock in the Beaver County Irrigation Company, a subsidiary of plaintiff, and for the purchase price of which the note and mortgage were given to plaintiff.  By a cross-complaint filed they alleged in substance the facts set forth in the answer as a defense to the action, and prayed that the note and mortgage constituting plaintiff's cause of action be annulled and canceled. The court upon trial of the issues found in accordance with the allegations of defendants' answer and cross-complaint, and entered judgment thereon in favor of defendants as prayed for, from which plaintiff has appealed.

The forty acres of land sold to defendants and for the purchase of which the note and mortgage securing the same were executed was a part of a tract of 15,000 acres of arid land situated in Beaver County, Utah, for the irrigation and development of which plaintiff, in the name of the Beaver County Irrigation Company, caused to be constructed a reservoir for impounding the waters of Beaver River, to-

gether with a system of conduits for distributing the water upon the same.

A complete history of the scheme adopted by plaintiff for the development of this large tract of land and the means and representations employed by it in procuring purchasers of subdivisions thereof, together with one share of stock in the irrigation company for each acre of land as a means of obtaining water for sufficiently irrigating the land, without which crops could not be successfully produced, is stated in an opinion by this court, filed on April 11, 1922, in the case of *Scott et al.* v. *Delta Land & Water Co., post,* p. 320 [207 Pac. 389]. As shown by the evidence in the instant case, the representations made and means employed by plaintiff to induce defendants to purchase the land and water stock and execute the note and mortgage are, as conceded by appellant, substantially the same as made and employed in the Scott case. No purpose could be served by a repetition of what is there said in discussing that feature of the case. Suffice it to say that, notwithstanding testimony on behalf of plaintiff in conflict therewith, there is here, as in the Scott case, ample evidence to support the finding that defendants in buying the land and water stock and executing the note and mortgage in part payment therefor, relied upon the representations so made by plaintiff and its recognized agents; that such representations were false and untrue and "were known to the cross-defendant at the time of making them and each of them to be wholly false, untrue and fraudulent." The finding relates to the representations as to the fertility of the soil, its content of humus, freedom from alkali and the adequacy of a supply of water for irrigation, the amount of which, as represented to defendants, was two and one-half acre-feet for each acre of the entire tract. As in the case referred to, wherein the evidence touching such issues is substantially the same as in this, we conclude there is no merit in appellant's contention that the findings are without sufficient support in the evidence.

The fraudulent representations whereby defendants were induced to execute the note and mortgage were set up by the answer as a defense to the foreclosure of the mortgage. By a cross-complaint filed therewith defendants alleged the same facts pleaded by way of defense and upon which they based a claim for affirmative relief, namely: the cancellation of the

note and mortgage. In the cross-complaint, however, they failed to allege a rescission or offer to rescind, by reason of which omission appellant insists that the cross-complaint did not state facts upon which defendants were entitled to affirmative relief, and hence the judgment canceling the note and mortgage should be reversed. (*Fairchild* v. *Western Securities Corp.*, 176 Cal. 742 [169 Pac. 363].) [1] While it is true that a cross-complaint must in itself state facts sufficient to entitle the pleader to affirmative relief and is not aided by averments in other pleadings, nevertheless, where the parties without objection to the pleading assume the issue to be properly presented and make no objection to evidence touching the same, they are in no position on appeal to complain of such defect. It is alleged that defendants first discovered the fraud about July 1, 1915. While no reference is made thereto in the cross-complaint, there was attached to it, marked Exhibit "A," a notice of rescission upon the ground of false and fraudulent representations made by said company, its officers and agents, and wherein defendants tendered to the company deeds to said property so conveyed to them by plaintiff, and offered to execute such other or further instruments as might be requested in order to release any interest they might have in the property, and demanded a cancellation and return of the note and mortgage mentioned. At the trial, and without objection, the notice of rescission, copy of which was attached to the cross-complaint, was offered and received in evidence and plaintiff admitted the same was served on its agent on July 15, 1915. It thus appears that the issue, though not presented by the pleading, was nevertheless fully tried, and hence appellant could not have been prejudiced by reason of the error and is now for the first time in no position to complain on account of its omission from the pleading.

[2] It is also claimed in this case, as in the Scott case, that the right to rescind on account of fraud was waived by the making of a new contract. This contention is based upon the fact that on January 20, 1915, Perry purchased eighty acres of land, together with eighty shares of water stock, as to which, but prior to July 1, 1915, when he learned of the fraud, he agreed with plaintiff for a modification of his contract by which he surrendered forty acres of the land, together with the stock attached thereto, retaining the balance with forty shares of water stock, upon which the note

and mortgage were to be applied. Under these circumstances, and since the modification was had prior to the discovery of the fraud, defendant's act in making the new contract did not relieve the transaction of the vice of the original act founded in fraud. Since defendants had no knowledge of the fraud prior to the subsequent transaction, their acts did not constitute a waiver thereof. (Pomeroy's Equity Jurisprudence, 4th ed., p. 2090; *Hodgkins* v. *Dunham,* 10 Cal. App. 690 [103 Pac. 351].)

[3] It also appears that subsequent to serving the notice of rescission defendants paid two assessments upon the water stock, and it is insisted by appellant that this constituted a waiver of the fraud. The purpose of paying the assessments was to prevent a sale of the stock for nonpayment, and thus preserve the property to its rightful owner. In the case at bar it operated to preserve the property to appellant, which as the wrongdoer had refused to accept a return of the property tendered. The making of the payments did not affect the rights of defendants under their notice of rescission. (*Clark* v. *Wells,* 127 Minn. 353 [L. R. A. 1916F, 476, 149 N. W. 547]; *Shermaster* v. *California Building etc. Co.,* 40 Cal. App. 661 [181 Pac. 408].)

[4] It is next claimed that plaintiff was prejudiced by the ruling of the court in admitting, over its objection that the same was irrelevant and immaterial, a document signed by a number of farmers who had purchased lands in the project, wherein attention of the plaintiff was called to the fact that the two preceding years had demonstrated that there was not more than half enough water available to irrigate the lands in the project, and suggested a means of increasing the supply. Conceding, as we do, the ruling to have been erroneous, nevertheless, in view of the overwhelming evidence in support of the conclusion that the supply of water was inadequate to irrigate the lands, it cannot be deemed to have operated prejudicially to plaintiff or influenced the court in arriving at its decision. (Sec. 4½, art. VI, Const.)

[5] Lastly, it is claimed that defendants are barred from relief by laches. There is no merit in this contention. They gave notice of rescission promptly upon discovering the fraud, tendered back and offered to relinquish and return to plaintiff everything of value which they had received from

it.   Plaintiff had possession of the water stock, holding it as collateral security for the purchase price thereof, and hence it was not necessary to tender to plaintiff that which it already had.   Defendants were not called upon to institute an immediate suit to enforce the rescission, but might, as they did, await some affirmative action on the part of plaintiff, in this case had and taken by filing its complaint less than nine months after the service of notice of rescission (*Suhr* v. *Lauterbach,* 164 Cal. 591 [130 Pac. 2]), and then in that action set up the facts upon which they based their right to relief.

That the land was arid and practically valueless for the growing of crops without a supply of water for irrigation admits of no question.   It likewise appears that for the purpose of inducing defendants to purchase the land and execute the note and mortgage, plaintiff's agents made representations which led the purchasers to believe that plaintiff had then made ample provision for an adequate supply of water for use upon the entire tract of 15,000 acres, to which the water developed and impounded by the Beaver County Irrigation Company was made appurtenant, and that the forty shares of stock thereof so purchased by defendants represented a right equal to 40/15,000ths of the water of said irrigation company, by virtue of which defendants were and would be entitled to at least two and one-half acre-feet of water to each acre so purchased and which amount was necessary to the proper irrigation of the same.   These representations, at the time of making them, were by plaintiff's agents known to be untrue.   Hence, conceding, as claimed by appellant, that other representations should be disregarded as mere expressions of opinion, nevertheless the false representations as to the supply of water, standing alone, justify the decision of the trial court.   The record as a whole discloses no error which could have prejudiced the substantial rights of cross-defendant.

The judgment is, therefore, affirmed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1922.

All the Justices concurred.