[Civ. No. 5124. First Appellate District, Division One.—March 1, 1926.]

## H. A. BEEKHUIS, Appellant, v. B. C. PALEN, Respondent.

[1] ACTIONS—ACCRUAL OF CAUSE—TIME.—An action cannot be maintained unless the cause of action existed at the time the action was commenced.

[2] VENDOR AND VENDEE—ACTION BY VENDEE TO RECOVER PAYMENTS—POSSESSION—RESTORATION OF—CONDITION PRECEDENT—OFFER OF POSSESSION AFTER SUIT UNAVAILING.—An offer to restore is a condition precedent to the maintaining of an action by a vendee under an executory contract for the purchase of land to recover moneys paid thereunder; he must offer to or surrender possession to the vendor before suit, and an offer of possession after the commencement of the suit is unavailing.

(1) 1 **C. J.**, p. 1151, n. 70. (2) 39 **Cyc.**, p. 2052, n. 80.

APPEAL from a judgment of the Superior Court of Fresno County. J. E. Woolley, Judge. Affirmed.

The facts are stated in the opinion of the court.

B. M. Benson for Appellant.

G. L. Aynesworth and L. N. Barber for Respondent.

TYLER, P. J.—Action for money had and received.

Defendant on or about the thirteenth day of February, 1919, was the owner of certain real property situated in the county of Fresno. On said day he entered into a written contract with J. W. Files and Susan M. Files, his wife, whereby he agreed to sell and the Files agreed to purchase the land for the sum of $23,500. The contract provided for the payment of the sum of $6,000 upon the execution of the agreement and the further sum of $2,000 on or before November 1, 1919, and $1,000 on the first day of November of each succeeding year until November 1, 1929, at which time the balance of the purchase price amounting to the sum of $6,500, was to be paid. It further provided, among other

1. See 1 Cal. Jur. 377; 1 R. C. L. 340.
2. See 25 Cal. Jur. 801.

things, that the vendees should pay all taxes and assess-
ments and not suffer or permit the same to become delin-
quent. The contract contained a provision that at any time
after the sum of $11,750 had been paid upon the purchase
price, together with all accrued interest, the vendor should
make, execute, and deliver to the vendees a good and suffi-
cient deed to said premises free and clear of all encum-
brances, subject to certain exceptions not here involved, at
which time the vendees should execute and deliver to the
vendor their promissory note for the balance of the purchase
price, which promissory note was to be secured by a mortgage
on the premises. Time was made of the essence of the con-
tract and the agreement provided that in the event of the fail-
ure on the part of the vendees to comply with any of the
terms thereof, such failure would entitle the vendor to the
immediate possession of the premises, and all moneys paid
thereunder to be considered as rent for use and occupation,
the vendor to be released from any obligation to convey.
The agreement recited the existence of a mortgage upon the
premises which the trial court found to be the sum of $6,500.

By mesne conveyances and assignments plaintiff herein
acquired all rights of the vendees in and to the contract.
Upon the execution of the agreement of sale the vendees and
their successors in interest went into possession of the prem-
ises. Up to the twenty-sixth day of May, 1923, all the
covenants and conditions of the contract on their part to be
performed in relation to payments were kept and performed,
the amount being paid by them aggregating the sum of
$11,000. Through inadvertence, however, plaintiff failed to
pay the second installment of taxes levied and assessed upon
the property for the fiscal year 1922–23.

Shortly after this installment becoming delinquent defend-
ant sought to invoke the forfeiture clause of the agreement,
for on May 26, 1923, he brought an action to quiet title
against plaintiff and his predecessors in interest. The vendee
thereupon paid the amount of the delinquent tax to the
county, with interest and penalty, and on September 27th
following, he tendered to defendant the sum of $1,875. This
sum included the payment and interest due the following
November and which, if accepted, would have entitled the
vendee to the deed provided for under the contract. Defend-
ant refused to accept the same, whereupon plaintiff brought

this action for the return of the $11,000 paid under the contract. The following day, December 16, 1919, he offered to restore possession to defendant. After trial the court found in substance that plaintiff had performed all the covenants and conditions of the contract to be by him performed except the covenant with reference to the payment of taxes, and it concluded that this omission prevented a recovery of the amount claimed, and judgment was accordingly rendered in favor of defendant for his costs.

Thereafter plaintiff filed a notice of motion to vacate the judgment and to enter one in his favor for the sum demanded, upon the grounds that the findings of fact and the conclusions of law made and entered by the court were erroneous in this, that from said findings of fact the court should have found as a matter of law that plaintiff was entitled to judgment against defendant for the sum of $11,000. Plaintiff likewise filed his notice of intention to move for a new trial. Both motions were denied.

It is here claimed that as the record shows that plaintiff had fully performed his contract except for the technical default of permitting the last half of the taxes for the fiscal year 1922–23 to become delinquent, there was a substantial performance by him of his contract; that defendant was not justified in refusing the payment of $1,875 tendered him, and plaintiff by reason of such refusal was, upon surrendering possession of the property to defendant, entitled to a return of his money, he being, by reason of such circumstances, under no further duty to perform. It is also claimed that the record shows defendant to have been in default because of the mortgage upon the land which he should have caused to have been released upon the payment by plaintiff of the sum of $11,000.

In support of the contention that plaintiff has substantially complied with all the covenants by him to be performed, we are cited to the case of *Collins* v. *Eksoozian*, 61 Cal. App. 184 [214 Pac. 670]. It was there held under the facts similar to those involved in the instant case, that to sanction a forfeiture under such circumstances would be to approve a palpable injustice. Conceding the law to be correctly declared therein, this doctrine may be properly applied in the other action which the record here indicates is pending between the parties. Here, however, we are confronted

with the fact that plaintiff did not restore or even offer to restore possession of the premises to the defendant or any benefits he may have received by reason of such possession until after he commenced his action. The appeal is on the judgment-roll alone, but the record shows that the complaint was filed December 15, 1923, and the findings of the court recite that defendant took possession of the premises under the contract and that his offer to restore possession was made on December 16, 1925, the day after the complaint was filed.

[1] It is well established in this state that an action cannot be maintained unless the cause of action existed at the time the action was commenced. (*Wittenbrock* v. *Bellmer*, 57 Cal. 12.) This doctrine disposes of the case. [2] An offer to restore is a condition precedent to the maintaining of an action of this character. One suing to recover money paid for the purchase of land must offer to or surrender possession to the vendor before suit. An offer of possession after the commencement of the suit is unavailing. (*Hill* v. *Den*, 121 Cal. 42 [53 Pac. 642]; *Fairchild* v. *Western Securities Corp.*, 176 Cal. 742 [169 Pac. 363].) The action, therefore, was prematurely brought.

For the reasons given the judgment is affirmed.

Knight, J., and Cashin, J., concurred.